ALMIRA E. GOLTRA *et al.*

*v*

THE PEOPLE OF THE STATE OF ILLINOIS, for the use of RACHAEL E. GOLTRA *et al.*

ADMINISTRATION OF ESTATES—*what are assets—liability of sureties on administrator's bond.* Money paid to an administrator by a railroad company, upon whose road the intestate was killed, being paid as compensation therefor, is assets in the hands of the administrator, which he is bound to administer, under the statute on that subject. And whether the money is recovered by suit, or voluntarily paid under the statute, as in this case, it is as much assets in the hands of the administrator, as if recovered for the benefit of creditors. Being assets, the sureties on the administrator's bond are responsible for its proper distribution.

APPEAL from the Circuit Court of Champaign county ; the Hon. A. J. GALLAGHER, Judge, presiding.

The opinion states the case.

Mr. C. B. SMITH, for the appellants.

Money received by an administrator from a railroad company, upon whose road the intestate was killed, being paid as compensation therefor under the statute, is not assets in the hands of the administrator, for the proper administration of which the sureties upon his bond are liable.

In the case of *The City of Chicago* v. *Majors,* 18 Ill. 349, this question came directly before the court, as to whether money received for causing the death of a person negligently, was a part of the estate of the deceased or not, and it is there decided not to be assets in the hands of the administrator, for the benefit of creditors, and it is held to be no part of his estate.

As to what are assets in the hands of an administrator, and with which he may be charged, is given by Williams on Executors, Vol. 2, p. 1408, in the following language, viz :

"All those goods and chattels, actions and commodities which were of the deceased, in right of action or possession as his own, and so continue to the time of his death, and which, after his death, the executor or administrator doth get into his hands, as duly belonging to him in right of his executorship. or administratorship, and all such things as do come to the executor or administrator, in lieu or by reason of that and nothing else, shall be said to be assets in the hands of the executor or administrator, to make him chargeable to a creditor or legatee."

Mr. A. E. HARMON, for the appellees.

15—53RD ILL.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The husband of Almira E. Goltra having been killed on the Illinois Central Railroad, the company paid to her, as administratrix of her deceased husband, the sum of $1400. She refuses to account to his children for any portion of this money, and this suit is brought for their use, against her and her sureties, to recover their share thereof. Judgment was rendered in the circuit court for $933.34, being two-thirds of the sum, and the defendants appealed. They deny the liability of the sureties on the bond, on the ground that the money was not assets in the hands of the administratrix.

This position is wholly untenable. It is true, the creditors of the estate are entitled to no portion of this fund, and it is recoverable only for the benefit of the widow and next of kin; but when the sum is recovered by suit, or voluntarily paid under the statute, as in the present case, it is as much assets in the hands of the administrator, as if recovered for the benefit of creditors. The statute provides that the personal representative of the deceased, to-wit, the executor or administrator, shall bring the suit, and how he shall distribute the amount recovered. When he has collected it, he holds it in his fiduciary capacity, as much as any other monies of the estate, and he has not truly administered the estate, until he has paid over the fund to the proper distributees. His sureties undertake for his performance of this part of the duties of his office, as much as for any other. The sentence quoted by counsel for appellants, from Williams on Executors, as to what shall be considered assets, has reference merely to the common law, to which a claim for damages of this character was unknown; but even that definition would make this fund assets, for the definition includes in that term, not only all the goods and chattels, actions and commodities, which were of the deceased at the time of his death, and which the administrator doth get into his hands, in right of his administration, but also " all such things as do come to the executor or administrator, in

lieu or by reason of that." The defendant in this case received this fund solely by virtue of her administration. The pretence that it was given to her as a personal gratuity, and not paid to her under the statute, is contradicted by the evidence. Having received it wholly in her fiduciary capacity as administratrix, she must administer upon it in the manner pointed out by the statute, and her sureties are responsible if she fails to do so.

Some objections of a technical character are raised, but the record shows that a default against the defendants was set aside, on condition they should plead to the merits; and the court, after striking from the files several pleas which did not go to the merits, heard the case upon the evidence, which presented only the question we have been considering, and decided it correctly.

*Judgment affirmed.*