# The Wabash, St. Louis and Pacific Railway Company

## v.

## Louisa L. Shacklett.

1. Instructions—Defendant can not complain of error in its favor.—Although the instructions may be conflicting, yet where the instructions for the plaintiff were correct, and those given for defendant incorrect, and the error, if any, was in defendant's favor, the latter can not assign the giving of such instructions for error.

2. Foreign administrator may sue for injuries to his intestate.—A foreign administrator may maintain an action in this State to recover damages for injury to the person of his intestate.

Appeal from the City Court of East St. Louis, the Hon. Chas. F. Ware, Judge, presiding. Opinion filed April 14, 1882.

Mr. G. B. Burnett, for appellant; that the negligence causing the injury complained of was that of the Transit Compa-

ny carrying the deceased, and not that of appellant, and appellant is not liable, cited 2 Redfield on Railways, 196; Lockhart v. Lichtenhale, 47 Pa. St. 151; P. & R. I. R. R. Co. v. Lane, 83 Ill. 448; Catlin v. Hills, 8 C. B. 123.

At common law a foreign administrator could not sue in another State: People v. Peck, 3 Scam. 118; Judy v. Kelley, 11 Ill. 211.

The money to be recovered being no part of the estate, a foreign administrator can not maintain this action: Chicago v. Major, 18 Ill. 349.

The passenger is so far identified with the conveyance by which he is traveling, that negligence of the latter will be considered as his own: T. W. & W. R'y Co. v. Miller, 76 Ill. 278; Prideaux v. City of Mineral Point, 43 Wis. 513; Phila. & Reading R. R. Co. v. Berger, 11 Reporter, 513.

Where two instructions diametrically opposed to each other are given, one for plaintiff, the other for defendant, the judgment will be reversed: Knowlton v. Fritz, 5 Bradwell, 217; Ill. Cent. R. R. Co. v. Maffit, 67 Ill. 431; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; Quinn v. Donovan, 85 Ill. 194; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88.

Mr. WALDO P. JOHNSON and Mr. M. MILLARD, for appellees; that the negligence of a third party can not be imputed to the plaintiff and prevent a recovery against one whose failure of duty was the proximate cause of the injury, cited Dyer v. Erie R'y Co. 71 N. Y. 288; Chapman v. New Haven R. R. Co. 19 N. Y. 341; Bennett v. New Jersey R. R. Co. 36 N. J. 225; Shearman & Redfield on Negligence, 48; Tuff v. Warman, 2 C. B. 740; Rigby v. Hewitt, 5 Exch. 540.

A plea denying the validity of the letters of administration is necessary to raise the question of the right of the administrator to sue: McKinley v. Braden, 1 Scam. 64; Ballance v. Frisbie, 2 Scam. 63.

PER CURIAM.    Upon the question of fact as to the negligence of defendant below, we can not say that the finding of the jury is opposed to the evidence.    Upon the question of law as to the effect of the negligence, if there was any, of the Transit

Company, we are of opinion, after carefully examining all the authorities cited and such others as we have been able to consult, that it would not bar a recovery as against this defendant. The court gave a number of conflicting instructions upon this point, and this is urged as a ground of reversal.   According to the view we take of the law, the instructions given for plaintiff were substantially correct, and those given for defendant incorrect.   It is not a case, therefore, where the defendant can complain.   The error of the court, if any, was in its favor, and at its instance.   If those given for defendant were correct, and those for plaintiff incorrect, then the position would be well taken.   The objection is urged also that the suit can not be maintained by a foreign administrator.

The statute giving a remedy in this class of cases provides, Sec. 2, Ch. 70, Rev. St. 1874, that the action shall be brought by the personal representatives of the deceased person.   By Sec. 42, Ch. 3, power is given foreign administrators to sue in the courts of this State to enforce claims of the estate, and to sell land to pay debts the same as though the letters had been granted in this State.   While it may be said, taking a limited view, that this is not in the strictest sense a claim of the estate of the deceased (see Major v. City of Chicago, 18 Ill. 349), yet it was held in Goltra v. The People, for use, etc. 53 Ill. 224, that the administrator and his sureties are liable on his official bond for the amount received from such a cause of action, and it was there said that when the administrator has collected money so recovered, he holds it in his fiduciary capacity as much as any other money of the estate, and he has not truly administered the estate until he has paid over the fund to the proper distributers.   It is, in a broad and general sense, a part of the estate.   Sec. 2, Ch. 70, designates the persons who shall institute the suit, the personal representatives of the deceased, without limitation as to residence.   This provision, as well as that in Sec. 43, Ch. 3, is remedial, and should receive a liberal construction.   We find no error in the record such as should reverse the judgment, and the same is therefore affirmed.

Affirmed.