John N. Satterfield *et al.*

*v.*

The People, for use of Jefferson County.

*Filed at Mt. Vernon June 21, 1882—Rehearing denied November Term, 1882.*

1. COUNTY OFFICERS—*errors and mistakes in reports of moneys received, etc., may be corrected.* The reports of county officers of the earnings of their offices, and moneys received by them, etc., to the county board, and their approval by such board, are nothing more than settlements of their accounts; and if a mistake has occurred from any cause, it may be corrected the same as a mistake in the settlement of accounts between individuals. Corrections in such matters are always allowable, on satisfactory proof being made.

2. So, if any mistakes or inaccuracies exist in any intermediate reports made by a county clerk, they may be corrected in any subsequent or upon the final report at the expiration of his office, either in favor of the officer

himself or in favor of the county; and such mistakes may be shown in an action upon his official bond, for the use of the county.

3. County clerk—*liability on his bond—to individuals and to the county.* The bond of a county clerk, required to be given as clerk of the county court for the faithful performance of the duties of such office, among which is the duty to pay over all moneys which shall come to his hands by virtue of his office to the parties entitled thereto, is intended to secure parties having business in the county court, and not to secure the performance of any duty required of him to the county. The performance of such duties to the county is secured by his bond as county clerk, and hence his sureties on his bond as clerk of the county court are not liable for his neglect to pay over to the county fees received by him in probate matters in excess of his salary, clerk hire, etc.

4. The condition of the bond of a county clerk is, that he shall perform all the duties which are or may be required of him by law to be performed; and the law makes it his duty to pay over to his successor in office all moneys and other things belonging to the county, and also to make report in writing to the chairman of the county board of "all fees and emoluments of his office, which report shall show the gross amount of the earnings of such office, and the total amount of receipts, of whatever name or character," and after deducting therefrom his salary, together with all necessary expenses for clerk hire, stationery, fuel, and other expenses, to pay the balance, if any, into the county treasury. This makes it his duty to account for the total receipts of his office, from whatever source they may be derived, whether probate fees or otherwise, and an action lies on his bond in favor of the county for his refusal or neglect to discharge such duty.

Writ of Error to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Jefferson county; the Hon. Thomas S. Casey, Judge, presiding.

Messrs. Pollock & Son, for the plaintiffs in error:

We submit that the acts of the several county boards in receiving, auditing, approving, and causing the several reports to be made matters of record, were, and ought to be, binding upon all subsequent boards. *Roper* v. *Sangamon Lodge,* 91 Ill. 518; *Stoner* v. *Millikin,* 85 id. 218; *Comstock* v. *Gage,* 91 id. 328; *Stull* v. *House,* 62 id. 52.

If the contrary rule should be established, we have the anomaly of one body setting aside the action of another of

equal authority, which would, in many cases, work irreparable injury to innocent parties. Upon this point we refer to Cothran's Annotated Statute, page 63, sec. 25; *Cullom* v. *Dolloff*, 94 Ill. 330; *Briscoe* v. *Clark County*, 95 id. 554; *Gillett* v. *Board of Supervisors*, 67 id. 256; *Hughes* v. *The People*, 82 id. 78.

The office of county clerk being a separate and distinct office from that of clerk of the county court, though united in the same person, the sureties on the bond of the county clerk are not liable for moneys by him received in his office of clerk of the county court—they are liable only for moneys coming to him as county clerk.

Mr. SETH F. CREWS, and Mr. W. N. WHITE, for the defendants in error:

The plaintiffs' counsel proceed upon the theory that if the clerk fails to make a full and correct report, there is no way of compelling a correction of the same. We can not assent to such a rule. In all other settlements between parties to an account, if it can be shown that items were omitted or mistakes made, the parties are not bound by the settlement; and more especially is this so when the party in whose favor the report is made is under the sworn duty of rendering a full, complete and correct account, under oath.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was brought in the name of the People, for the use of Jefferson county, on the official bond of John N. Satterfield, as county clerk of Jefferson county, against such clerk and the sureties on his bond. The declaration is in debt, and the breaches assigned state the duties of such county clerk as prescribed by law, and that as county clerk he received large sums of money in excess of his salary, necessary clerk hire and stationery, and yet he did not, and

would not, make full and complete reports, as required by law, of the fees earned and collected as such clerk, nor would he pay over to the treasurer of the county the fees by him so collected in excess of his salary, necessary clerk hire and stationery, as he was so ordered by the county board to do, and was otherwise his duty to do, but has wholly failed and neglected so to do. Pleas of general performance of the conditions of the bond were filed, and issues joined upon them. On the trial before the court, without the intervention of a jury, the issues were found for plaintiffs, and judgment rendered in debt for the penalty of the bond, to be discharged on payment of $1506.85,—the damages found by the court. That judgment was affirmed in the Appellate Court for the Fourth District, and defendants bring the case to this court.

The evidence shows the defendant, during his incumbency, from time to time made reports, as required by law, to the chairman of the board of supervisors, of the fees and other funds received by him in his official capacity as county clerk, and after deducting the sums allowed for salary, necessary clerk hire and stationery, there was sometimes a small balance due the county, but most generally, on stating the accounts, it was found enough had not been received to discharge the allowances for salary, necessary clerk hire and stationery, and accordingly his reports showed a balance due to defendant. These reports were all, except perhaps the last one, presented, and were approved by the county board. The correctness of his reports of the earnings of his office was challenged on the trial by plaintiffs, and that, defendants insist, can not be done. The argument is, that unless such reports, when once approved, are final, the anomaly will be presented of one body setting aside the action of another of equal authority. This is a misapprehension of the law. Obviously the reports made by such officers, and the auditing of them, are nothing more than settlements of their accounts, and no reason is perceived, if a mistake for any cause has

occurred, why it may not be corrected as a mistake in settlements of accounts between individuals.    Corrections in such matters are always allowable, on satisfactory proof being made, otherwise serious wrong would often be done.    So in this case, if mistakes or inaccuracies exist in any intermediate reports made by the clerk, there can be no reason why, upon a subsequent or upon the final report at the expiration of his term of office, they may not be corrected, either in favor of the officer himself or in favor of the county, otherwise there might be a failure of justice to one party or the other.

But the point most confidently relied on for a reversal of the present judgment is, the court admitted improper evidence to be given on behalf of plaintiffs, over the objection of defendants.    That which is complained of is evidence of the amounts of probate fees, and fees in suits in the county court, received by defendant in his official capacity.    It is contended the sureties on his bond as county clerk are not liable for such fees in case he fails to pay the same to the county, but that whatever liability there may be for such failure, would fall upon his sureties on his bond as clerk of the county court.    This, it is thought, is not a correct construction of the statute in this respect.    Section 2, chap. 25, Rev. Stat. 1874, declares county clerks shall be clerks of the county courts of their respective counties, and by section 4 of the same chapter every clerk, before entering upon the duties of his office, shall give bond, with one or more sureties, to be approved by the judge of the court of which he is clerk, in the sum of $5000, conditioned for the faithful performance of the duties of such office, and, among other duties, to pay over all moneys that shall come to his hands by virtue of his office, to the parties entitled thereto.    Undoubtedly the bond required by section 4 cited, is to secure the faithful discharge of his duties as clerk of the county court, and for the payment of all moneys that may come to his hands in the capacity of clerk of that court, to parties entitled thereto having

business in such court, and does not, and certainly was not intended to, secure the performance of any duty required of such officer, by law, to the county. It will be seen his bond to secure the performance of his duties to the county is provided for by section 2, chap. 35, Rev. Stat. 1874, the form of which is given in the statute, and that is the one upon which the present suit was brought. The conditions of this bond are, the county clerk shall perform all duties which are or may be required of him by law to be performed, and also, among other things, to pay over to his successor in office all moneys and other things belonging to the county. Section 51, chap. 53, Rev. Stat. 1874, makes it the duty of every county officer who is paid in whole or in part by fees, to report in writing, to the chairman of the county board, "all fees and emoluments of his office, which report shall show the gross amounts of the earnings of such office, and the total amount of receipts, of whatever name or character," and after deducting therefrom such officer's salary, together with all necessary expenses for clerk hire, stationery, fuel and other expenses, the balance, if any, he shall pay into the county treasury. In this case it was the duty of the principal defendant to make reports to the county board of the total receipts of his office, of "whatever name or character," and so defendant must himself have understood his duty under the statute, for in every report he made he included therein, as was his duty, "probate fees," and "fees for suits" in the county court. It makes no difference from what source the fees of his office come to his hands, whether "probate fees" or other fees, they are in the strictest sense earnings of his office, which he is obliged to report; and after deducting therefrom his salary, clerk hire and other expenses, as fixed by the county board, it is his duty, by law, to pay the balance of such fees so received from any source, no matter what, into the county treasury, and a failure so to do is a breach of the conditions of his bond as county clerk. It is a

failure to perform his duties as such clerk as the same have been prescribed by law. As clerk of the county court he owes no duty to the county in this respect. It is as county clerk he is to report the earnings of his office, and the balance, after deducting allowances made by the county board, he shall pay into the county treasury, or to his successor in office. There was no error in the admission of evidence in the respect pointed out.

Whether anything remained in the hands of the clerk after deducting his salary, clerk hire, and other expenses allowed by the county board, from the earnings of this office, was purely a question of fact; and as the trial court found a certain amount, and as that finding was affirmed by the Appellate Court, the finding of the latter court is conclusive on this court, and the question of fact can not be investigated by this tribunal.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*


Mr. JUSTICE CRAIG: I do not concur in this decision. In my judgment, where a county clerk receives money as such, which he fails to account for, an action will lie on his official bond as county clerk. When he receives money in his official capacity as clerk of the county court, the action should be brought on his official bond executed as clerk of the county court, and in the latter case an action will not lie on the bond executed as county clerk. This distinction was disregarded on the trial in the circuit court, and, in my judgment, erroneously.