The Missouri Pacifc Railway Company v. The
Estate of Lucy Bennett, *deceased.*

### No. 165.

1. Principles of Review — *erroneous ruling does not warrant
   reversal unless substantial right prejudiced.* An erroneous
   ruling of a trial court does not warrant the reversal of the decision
   or judgment based thereon, when it is apparent that no substan-
   tial right of the party complaining was prejudiced thereby.

2. Abatement — *action for personal injuries does not abate
   when death ensues from injuries.* An action, brought by one
   who has sustained personal injuries from the negligent or wrong-
   ful act of another, to recover for the resulting loss and suffering,
   does not abate by the death of the plaintiff, but will, under sec-
   tions 420 and 421 of the Code, survive, and may be prosecuted to
   final judgment in the name of the personal representative, not-
   withstanding the death may have resulted from the injuries.

3. Damages — *are such as person sustained in lifetime.* The
   damages recoverable in such action, when revived, are only such
   as were sustained by the person injured, in his lifetime, and are
   recovered for the benefit of the estate, and not for the benefit of
   the widow or next of kin.

4. ———— *are assets of his estate.* Such a claim for damages is an
   asset of the estate and warrants the appointment of an executor
   or administrator.

5. Action — *for injuries not transformed into one for death
   when plaintiff dies from injuries.* Section 422 of the Code
   creates a new cause of action, separate and different from the
   cause of action which may have accrued to the person injured
   when the death was not instantaneous, and does not have the ef-
   fect to transform a pending action, brought by the deceased in
   his lifetime, to recover for his loss and suffering, into an action
   to recover the damages sustained by the widow or the next of kin
   by reason of the death.

Error from Cloud District Court.    Hon. F. W.
Sturges, Judge.    Opinion filed December 5, 1896.
*Affirmed.*

*Waggener, Horton & Orr,* for plaintiff in error.

*L. J. Crans,* for defendant in error.

Garver, J.   The controversy in this case arises out of certain proceedings instituted by the plaintiff in error, The Missouri Pacific Railway Company, in the Probate Court of Cloud County, Kansas, to secure the revocation of the appointment, by said court, of the defendant in error, Theodore Martin, as executor of the estate of Lucy Bennett, deceased.   The Probate Court refused to hear any evidence in support of such application, and denied the same.   An appeal was thereupon taken to the District Court of said county, a petition in error also being filed therein, for the purpose of reviewing the decision of the Probate Court.   On motion of the defendant in error, said appeal and petition in error were dismissed by the District Court, and to reverse such judgment of dismissal the case has been brought to this court.   The Railway Company bases its right to appear in the Probate Court and contest the validity of the letters of administration issued to Theodore Martin, on the ground that said Lucy Bennett, deceased, had no estate to be administered; that said appointment was merely colorable and invalid; and that the Railway Company was interested therein because of the fact that said Theodore Martin, as executor of said estate, was attempting to prosecute an action, commenced by said Lucy Bennett in her lifetime in the District Court of said county, against said Railway Company to recover damages for personal injuries alleged to have been sustained by her through the negligence of said Company.   The record does not disclose when the injuries complained of were inflicted, except that it was sometime prior to September 19, 1893, on which day Lucy Bennett commenced the action which was pending and undetermined at the time of her death, Decem-

ber 7, 1893.   Her death resulted from the injuries sustained.

Under the practice recognized and established by the Supreme Court in this class of cases, the questions presented for our consideration are of little practical importance to either of the parties, from the fact that the matters alleged and attempted to be shown by the Railway Company in the Probate Court, could be shown as a defense in the main action pending in the District Court.   In that case, the defendant had a right to put in issue the appointment and authority of the plaintiff as executor, and if it appeared that the appointment was invalid and void, the action would fail.   *City of Atchison v. Twine,* 9 Kan. 350 ; *Perry, Adm'r, v. St. J. & W. Rld. Co.,* 29 id. 420 ; *U. P. Rly. Co. v. Dunden,* 37 id. 1.   In the view we take of the case, we do not deem it necessary to decide as to the right of the plaintiff in error to appear in the Probate Court and contest the validity of the letters issued by it.   There seems, however, no good reason why such a practice should not be recognized, and the tribunal which issued the letters given an opportunity to revoke them, if improperly granted, thus effectually terminating a false and merely colorable administration.   Such a practice would, in a regular manner, finally relieve and discharge the person assuming to act as executor or administrator, and would avoid useless and, perhaps, expensive complications.   There is, also, precedent and authority for it.   *Wheeler, Adm'r, v. St. J. & W. Rld. Co.,* 31 Kan. 640 ; *Jeffersonville Rld. Co. v. Swayne's Adm'r,* 26 Ind. 477.

But, conceding that the Railway Company had a right to be heard in the Probate Court, and to show that the appointment of Martin, as executor, was invalid, because there was no estate to be administered,

234   Mo. Pac. Rly. Co. v. Bennett's Estate.

N. Dept.                Opinion.   Garver, J.            5 Kan. App.

**1. Error not prejudicial.** the further question arises, whether any prejudicial error was committed, even though unsound reasons were given as a basis for the rulings of the lower courts. In considering this matter, it is necessary to have a correct understanding of the nature and object of the action pending in the District Court which the executor was attempting to prosecute. On the part of the defendant therein, it is claimed that the action, after the death of the original plaintiff, Lucy Bennett, must be regarded as being prosecuted under section 422 of the Code, the damages recoverable inuring to the exclusive benefit of the children, if any, or to the next of kin, and not to the estate; and, therefore, that the claim for damages cannot be regarded as assets of the estate. On the other hand, it is claimed by counsel for the executor that the action is one which survives, under sections 420 and 421 of the Code, for the benefit of the estate. We have not before us the pleadings in that action, and are, consequently, unable to say what damages were alleged and sought to be recovered under the amended petition. We may, however, accept as true the statement of facts made in the application filed by the Railway Company in the Probate Court, and determine therefrom what are the legal rights of the parties. We may assume, therefore, that, in her lifetime, Lucy Bennett had a claim against the Railway Company for damages sustained by her by reason of personal injuries inflicted upon her through the negligence of said Company; that, for the purpose of recovering such damages, she instituted, on September 19, 1893, a civil action in the District Court of Cloud County, and that such action was pending in said court, at the time of her death, December 7, 1893. It is clear, then, that from the time of the injury until her

Mo. Pac. Rly. Co. v. Bennett's Estate.    235

Dec. 5, 1896.          Opinion.   Garver, J.          C. Div.

death, a period of, at least, nearly three months, she had a cause of action which was of more or less value to her and to her estate.   Unless this was extinguished by her death, it was sufficient to warrant the appointment of a personal representative with authority to prosecute such action to final judgment.   The following sections of the Code bear upon these questions :

" Sec. 420.  In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive ; and the action may be brought, notwithstanding the death of the person entitled or liable to the same.

" Sec. 421.  No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant.

" Sec. 422.  When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission.   The action must be commenced within two years.   The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Counsel for plaintiff in error contend, that the cause of action which Lucy Bennett had in her lifetime became extinct at her death ; that, thereafter, no right of action existed, except such as was given by section 422, and that the damages recoverable would not be assets of the estate.   In support of this contention, we are referred to what is

2. Action does not abate.

said in the opinion in *McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46, 52. The writer thereof expressed the opinion that sections 420 and 422 of the Code should be construed together, and said:

"Section 420, as construed with section 422, only causes the actions to survive for injuries to the person, when the death does not result from such injury, but does occur from other circumstances. . . . When death results from *wrongful acts*, section 422 is intended solely to apply."

It is with great reluctance that we dissent from the views thus expressed by the eminent judge who wrote the opinion in that case, appreciating, as we do, the deep learning and careful discrimination which characterize his judicial utterances. But such construction, in our opinion, is not the most reasonable one, and would, in many cases, deny that relief against the wrongs of others which the law clearly contemplates. In this respect, we think the opinion goes outside the issues in the case then under consideration, and was not necessary to the decision made by the court. Section 420 had nothing to do with that case. It was an action brought expressly under section 422, the damages alleged to have been sustained being such as were caused by the death of the person injured. A cause of action for such an injury did not exist at common law, and, except for the statute, it would not exist to-day in this State. Hence, it will not do to say that section 420, which provides solely for the survival of certain actions which did not survive at common law, has any legitimate connection with the subsequent section which creates a new cause of action, different from that which the deceased would have had if he had survived, and based on different principles. No cause of action is created by the former

Mo. Pac. Rly. Co. v. Bennett's Estate.    237

Dec. 5, 1896.        Opinion.    Garver, J.        C. Div.

section; it simply recognizes as already existing a cause of action in one sustaining a personal injury, but which, at the common law, terminated at his death.   Its object was to abrogate this harsh rule by which all such actions died with the person, and to provide for the survival of the cause of action so as to give to the personal representative the right to sue for, and recover, the same damages which the person injured could have sued for and recovered, had he lived.   The latter section — section 422 — was enacted solely for the purpose of creating a right of action where, before, no right of action of any nature existed.   Under the first section, the right of action survives for the benefit of the estate; under the second, a new right of action is created for the sole benefit of the widow, or children, or next of kin, of the deceased.   In the one case, damages are recoverable, notwithstanding the death of the person injured, as compensation for the loss and suffering which he sustained in his lifetime by reason of bodily hurt wrongfully inflicted (*Railroad Co. v. Rowe*, 56 Kan. 412) ; in the other, they are recoverable as compensation to a designated class because of the pecuniary loss sustained by them by reason of his death. *Perry v. Railroad Co.*, 29 Kan. 420.   The measure of the damages, and the beneficiaries thereof, are entirely different and separate in the two classes of cases.   We can find nothing in section 422 indicating that the Legislature intended thereby, in any way, to affect a cause of action which existed at common law.

3. Damages are injuries received in lifetime.

Again, we see no reason for a judicial interpolation that would make section 420 provide for the survival of an action to recover damages for a personal injury,

**4. Damages are assets of estate.** notwithstanding the death of the person entitled thereto, only in case the death occurred from other causes. At common law, such action abated on the death of the person injured regardless of the cause of the death — the legal effect being the same whether the death was caused by the injury, or resulted from another, independent cause. To remedy this defect in the law, the statute under consideration was enacted, its object being to enable the representative of a deceased person to recover on the cause of action which had accrued to the deceased in his lifetime. As the result of the bodily hurt, the deceased may have endured great pain and suffering for weeks or months, and have expended a valuable estate in fruitless efforts for recovery. It is now contended, that the right of action for such loss and suffering becomes extinct with the death of the person injured, unless it appears that the death was not caused by the injuries. While this contention is not without support (*Andreas v. Hartford & New Haven Rld. Co.*, 34 Conn. 57 ; *Holton v. Daly*, 106 Ill. 131), we think it is not well founded. Such a construction is not warranted by the language of the statute, nor can it be sustained upon principle. The provisions of the statute are general, and broad enough to embrace any cause of death ; and the evident intent and purpose of the Legislature is in harmony with the plain, apt words in which such provisions are framed. In holding that the statute means just what it says, we think we are supported by the better reason, and, at the same time, by ample authority. *Needham, Adm'x, v. Grand Trunk Rly. Co*, 38 Vt. 294 ; *Bowes v. City of Boston*, 155 Mass. 344 ; *Belding v. Black Hills & Fort Pierre Rly. Co.*, 3 S. Dak. 369 ; *Hyatt v. Adams*, 16 Mich. 180.

These decisions, made under statutes similar to the quoted sections of our Code, recognize the survival of the right of action to recover damages for the loss and suffering sustained by the person injured, and the co-existence of another cause of action, for the benefit of the widow and children of the deceased, to recover the damages sustained by them by reason of his death. In *Needham v. Grand Trunk Rly. Co.*, supra, it is said :

" We are entirely agreed that where death occurs in consequence of a bodily injury, two causes of suit or action may arise, one in favor of the deceased for his loss and suffering resulting from the injury in his life-time, and revived by the act of 1847, the other founded on his death, or in the damages resulting from his death to his widow and next of kin, under the act of 1849.   Both actions are to be prosecuted in point of form in the name of his personal representative, but the damages in the two suits are given upon entirely different principles and for different purposes.   .   .   . The principle that a wrong resulting in death af-fords, under these statutes, two different causes of suit, obviates many difficulties that would arise under a different rule.   We think the principle fairly dedu-ible from the statutes, and that it is in harmony with the law applicable to analogous cases.   It allows the estate to take its own, and the widow and next of kin to take exclusive benefit of the provisions of the latter statute."

The same principle was recognized and applied in *Bowes v. City of Boston*, supra, and is stated in the opinion of the court as follows :

" The right of action given to an administrator .   .   . to sue for his intestate's loss of life for the benefit of the widow, is independent of the administra-tor's right to sue for damages suffered by the intes-tate in his lifetime from the injury which caused his death, and both actions may proceed at the same time."

240   MO. PAC. RLY. CO. v. BENNETT'S ESTATE.

N. Dept.          Opinion.   Garver, J.          5 Kan. App.

Section 421 goes even further than section 420, and would seem to apply to the facts of this case without question. It clearly includes the action of Lucy Bennett which was pending in the District Court of Cloud County at the time of her death. But, as we understand the contention of the plaintiff in error, it is claimed that while the action did not abate by the death of the plaintiff therein, it, by some peculiar method of devolution, was transformed into an action for the recovery of damages for the benefit of the next of kin; that it became extinct as an action to recover damages for the injuries sustained by Lucy Bennett, but was revived as an action for the damages sustained by those who had a pecuniary interest in the continuance of her life. We are clearly of the opinion that no such transformation of the case was permissible; that if it failed as an action to recover for the loss and suffering sustained by the original plaintiff, it became extinct for all purposes. As before stated, the causes of action are separate and distinct, the only element in common being the wrongful act of the defendant. Such wrongful act, causing the bodily hurt, gave rise to a cause of action in her favor to recover damages for the resulting loss and suffering. The same wrongful act, causing her death and thereby causing a pecuniary loss to the next of kin, gave rise to a cause of action to be prosecuted for their benefit. A revivor of the pending action would revive it as an action to be prosecuted for the same cause that existed when the action was commenced. No right of amendment would enable the personal representative of the deceased plaintiff to abandon the original cause of action, and convert the action into one based on an entirely new injury,— the

5. Action not transformed into one for death.

Mo. Pac. Rly. Co. v. Bennett's Estate.    241

Dec. 5, 1896.          Opinion.   Garver, J.              C. Div.

death,— and prosecute it for the recovery of damages not contemplated nor sustained when the action was commenced.   There is nothing in section 422 that is even suggestive that any such effect was intended to be given it.   This section is similar in its provisions to the act commonly called Lord Campbell's Act, passed by the English Parliament in 1846.   In construing that act in *Blake v. Midland Rly. Co.* (10 Eng. L. & Eq. 437, 443 ; 18 A. & E. 110), Coleridge, J., said :

" This act does not transfer this right of action [ for the loss and suffering of the deceased ] to his representative, but gives to his representative a totally new right of action on different principles."

See, also, *Whitford v. Panama Rld. Co.*, 23 N. Y. 465.

It cannot be objected that this construction gives two actions for the same cause.   The actionable injuries are not the same.   Although the responsible cause is the same wrongful act, yet, in the one case, the injury which gives the right to recover damages is the bodily hurt, resulting in loss and suffering to the person injured, in his lifetime, and thus affecting his estate ; in the other, the injury is his death, resulting in loss to those who are pecuniarily interested in the continuance of his life.   In principle it is the same as where the same negligent or wrongful act, at the same time, injures two different persons.   Each has a right of action to recover the particular damages sustained by him.

We conclude, therefore, that the action survived solely for the purpose of recovering damages for the benefit of the estate, as compensation for the loss and suffering sustained by Lucy Bennett, in her lifetime, as the result of the bodily hurt inflicted upon her.   If it be conceded that it did not survive for that purpose, then it follows that the action was abated by her

death, and could not be prosecuted by anyone for any purpose. Hence, the questions in this case resolve themselves into this : If the cause of action survived, as we think it did, for the benefit of the estate, the claim for damages was an asset which justified the appointment of an executor or administrator ; if the right of action did not survive for that purpose, as claimed by the plaintiff in error, then it became wholly extinct, and it was entirely immaterial whether Theodore Martin was legally appointed or not. As these facts appeared on the face of the application made for the revocation of the letters issued by the Probate Court, no substantial right of the plaintiff in error was prejudiced by the rulings complained of, whichever view may be adopted.

The judgment will be affirmed.