ANN L. DAVIS, as Executrix, etc., of EARL DAVIS, Deceased,
Respondent, v. THE NEW YORK CENTRAL AND HUDSON
RIVER RAILROAD COMPANY, Appellant.

Fourth Department, December 5, 1917.

Negligence — action by executrix and sole legatee to recover for
death caused by negligence — when proceeds of action belong to
widow — agreement by executrix to pay attorney half of recovery
— attorney's compensation measured by amount of settlement —
action should not continue after settlement to fix amount of
attorney's compensation.

Where a person killed by negligence bequeathed all his property to his
mother, although he had a wife living, and the mother, as executrix,
brought an action to recover for the testator's death, the widow, being
the sole beneficiary of the right of action, had power to settle the same
with the defendant and the executrix is only entitled to the sum necessary
to protect her for funeral expenses paid and for her liability to her
attorney for services in the action.

When the executrix entered into a contract with her attorney to pay him
half of any recovery or settlement as compensation for his services, the
amount of his compensation should be based upon the amount paid to
the widow on the settlement of the action although, in spite of the
settlement, the court erroneously allowed the trial to proceed which
resulted in a verdict much larger than the amount of the settlement.

KRUSE, P. J., dissented.

APPEAL by the defendant, The New York Central and
Hudson River Railroad Company, from a judgment of the
Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of Oswego on the 14th day of Sep-
tember, 1914, upon the verdict of a jury for $3,000, and also
from an order entered in said clerk's office on the same day
denying defendant's motion for a new trial made upon the
minutes.

The verdict and interest was later reduced by the court to
$1,761.50.

Also an appeal by the defendant from a decree or order of
the Surrogate's Court of the county of Oswego, entered in
the office of said Surrogate's Court on the 18th day of July,
1914, fixing and determining the amount which plaintiff should
be permitted to pay to her attorney in this action as com-

pensation for his services and expenses at $1,620.50, besides taxable costs.

Earl Davis, plaintiff's testator, was in the employ of defendant as a carpenter. On March 15, 1913, he was engaged, with other employees of defendant in the erection of an icehouse upon defendant's property in the city of Oswego. The structure when only partly erected was blown down by a high wind and Davis was killed.

He left a will, which was duly probated, and letters testamentary issued to the plaintiff, his mother. By the will his property was all left to his mother. He left a widow, with whom he had not been living for some time, and no children or descendants.

Plaintiff brought this action to recover the damages sustained by the widow and his estate on account of the death of Davis, alleging that it was caused by the negligence of the defendant. The action was begun in October, 1913. In May, 1913, plaintiff made a written contract with her attorney by which he agreed to commence and prosecute this action, and in consideration of his agreement to make no charge for his services unless successful, she agreed to pay him one-third of the amount received in case the claim was settled without trial, and fifty per cent of the amount received in case of trial, whether compromised thereafter or not, in addition to taxable costs.

The defendant served an answer on November 28, 1913, putting in issue the material allegations of the complaint, and on December 26, 1913, the defendant made a settlement with Nettie S. Davis, the widow, paying her $400 and receiving from her a written release of defendant from all liability for damages sustained by her as widow and sole beneficiary of said Davis by reason of his death, and on April 16, 1914, the defendant served a supplemental answer by leave of the court setting up this settlement and release as a further defense to the action.

The case came to trial on May 21, 1914, and notwithstanding the objection of defendant's counsel the trial proceeded as if no settlement had been made. In the course of the trial and after defendant had put in evidence the release, the court, in the absence of the jury, took proof of the contract between

the plaintiff and her attorney, and of the amount of the funeral expenses which plaintiff had paid, over defendant's objection and exception. Thereupon the jury was recalled and the case submitted to them, without disclosing to them the evidence taken by the court in their absence.

The jury rendered a verdict for the plaintiff of $3,000. Defendant's counsel thereupon moved to set aside the verdict and for a new trial under section 999 of the Code, whereupon the court stated that all motions would be reserved until the Special Term to be held at Oswego on July 18, 1914.

On June 11, 1914, plaintiff petitioned the surrogate of Oswego county to determine and allow the amount of the funeral expenses and the amount of her attorney's lien and fees, disbursements and expenses of the action, so that the same might be deducted from said $3,000 verdict. Whereupon the widow and the defendant were cited before the surrogate, where testimony was taken and a hearing had, and on July 17, 1914, the surrogate made an order or decree fixing, auditing and allowing $141 for the funeral expenses paid by the plaintiff, and $1,620.50, besides taxable costs, being one-half the verdict and interest thereon, for the fees and services of plaintiff's attorney in the prosecution of the action, and also fixing, auditing and allowing to the plaintiff $61.98 as her legal commissions as executrix on the amount of said verdict and interest thereon.

Thereupon, and on July 18, 1914, at a Special Term held in Oswego, the justice who had presided at said trial received proof of the above-mentioned decree of the surrogate, and made an order reciting that defendant had moved to set aside said verdict and to grant a new trial, denying such motion and directing that the verdict of $3,000, rendered by the jury, and interest thereon, be reduced to the sum of $1,761.50, and that judgment for that amount, with taxable costs, be entered upon the verdict; thereby allowing plaintiff the amount so allowed by the surrogate except the $61.98, the fees of the plaintiff as executrix, which the trial court was of opinion should not be allowed. Judgment was thereupon entered in favor of the plaintiff in accordance with this order, and defendant has appealed from the judgment and the order and also from the decree and order of the surrogate.

*Purcell, Cullen & Purcell* [*Francis E. Cullen* of counsel], for the appellant.

*Freelon J. Davis* [*Udelle Bartlett* of counsel], for the respondent.

PER CURIAM:

In view of the settlement between defendant and the widow who is the sole beneficiary of the right of action, the good faith of which was not questioned, the learned trial judge was clearly right in holding that there could be no recovery beyond the amount necessary to protect plaintiff against loss for the funeral expenses she had paid and her liability to her attorney for his services in the action. As to the latter, both plaintiff and her attorney stood upon the written contract between them as fixing the amount of the attorney's compensation.

We are of opinion that the $400 paid by defendant in settlement is the amount received upon the plaintiff's claim within the intent and meaning of the contract with the attorney, and that the attorney's right to compensation is, therefore, limited to not more than fifty per cent of $400, and the taxable costs.

Since the settlement was not attacked for fraud or as collusive, we think it was error to submit the question of the amount of damages to the jury for the sole purpose of permitting a recovery of one-half the amount of such verdict to satisfy the attorney's contract.

The judgment and order should be modified so as to reduce the amount of plaintiff's recovery to $200, and interest from December 26, 1913, for the attorney's compensation, together with the costs as taxed, and $141 for funeral expenses, and as so modified affirmed, without costs of this appeal to either party. The decree of the surrogate should be modified so as to fix the attorney's fees and expenses at $200, and interest from December 26, 1913, in place of $1,620.50, and as modified affirmed, without costs of this appeal to either party.

All concurred, except KRUSE, P. J., who dissented and voted for affirmance.

Judgment and order modified so as to reduce the amount of the plaintiff's recovery to $200, and interest from December 26, 1913, for the attorney's compensation, together with the costs as taxed, and $141 for funeral expenses, and as so modified affirmed, without costs of this appeal to either party. The decree of the Surrogate's Court is modified so as to fix the attorney's fees and expenses at $200, and interest from December 26, 1913, in place of $1,620.50, and as so modified affirmed, without costs of this appeal to either party.