## AETNA CASUALTY & SURETY CO. v. YOUNG.

No. 12874—Opinion Filed April 8, 1924.

Rehearing Denied Dec. 9, 1924.

(Syllabus.)

**1. Executors and Administrators—Damages for Death Not Part of Estate.**

Moneys recovered by the administrator of the estate of a deceased under the provisions of section 824, Comp. Stat. 1921, do not belong to the estate of the deceased, and the county court has no jurisdiction over the administrator in the maintenance of said suit, or the settlement of such claims or the distribution of such moneys. Damages recovered under said section belong to the next of kin as therein provided and are in compensation for the losses sustained by such kin on account of the death of the deceased.

**2. Same—Duty of Administrator to Collect Damages and Distribute to Heirs—Liability on Bond.**

Under section 824, Comp. Stat. 1921, it is the duty of the administrator of the estate of a deceased person whose death was produced by the wrongful act of another to maintain a suit against such tort-feasor when necessary to recover for the benefit of the next of kin the damages which they have thereby sustained, and to collect, receive, and distribute such moneys in proper proportion to the cestui que trusts. This section does not create a new office, but adds new duties to an old office, and for a dereliction in the performance of the duties thereof the administrator and the sureties on his official bond as administrator are liable.

**3. Same.**

When the administrator of the estate of a deceased person maintains an action under section 824, Comp. Stat. 1921, and recovers judgment in one lump sum for the benefit of the kin entitled thereto under said section, and in the pleadings, judgment, and record in said case it is not made to appear who are the next of kin entitled to share said moneys or the proportionate part each should recover, and thereupon the money is paid into the hands of the court clerk in satisfaction of said judgment, the next of kin who were damaged by the death of such deceased become at once the owners of said fund, each having an undertermined and unliquidated interest therein, and it is the official duty of the administrator in his official capacity and at his own peril to receive and distribute said moneys to the proper cestui que trusts and in proper proportion.

**4. Same—Action by Administrator to Determine Distribution—Necessary Parties.**

When the administrator of the estate of a deceased person receives into his hands moneys collected under the provisions of section 824, Comp. Stat. 1921, and the next of kin and their respective parts are not disclosed in the judgment itself, he may resort to suit in a court of equity to determine the cestui que trusts and the portion which each is entitled to receive, and the judgment of distribution made by such court, when its jurisdiction is properly invoked and the cestui que trusts and said fund brought within its jurisdiction by proper process, will lawfully protect such administrator in disbursing said fund in accordance therewith, but where any one of such cestui que trusts is not a party to such proceedings for distribution and no service, either actual or constructive, is had upon him, such judgment of distribution is as to him void, and if such want of jurisdiction over him appears upon the face of the record, such judgment of distribution is void upon its face.

Error from District Court, Creek County; C. C. Smith, Assigned Judge.

Action by Florence Young against the Aetna Casualty & Surety Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Francis, B. B. Blakeney, and Hubert Ambrister, for plaintiff in error.

Hughes, Foster & Ellinghausen, for defendant in error.

LYDICK, J. Effie Young was by the county court of Creek county appointed administratrix of the estate of Al Young, deceased. She presented and had approved her bond as such administratrix with the Aetna Casualty & Surety Company, a corporation, as surety thereon, and received her letters of administration. It was on February 28, 1919, that she filed her appli-

cation in the county court for appointment as administratrix, and on that date she was so appointed, and filed suit in the district court of Creek county against the Magnolia Petroleum Company, and on the same day she recovered judgment and collected from said company the sum of $3,000, as damages for the wrongful act of said company in causing the death of Al Young. The judgment itself recites the recovery thereof by the plaintiff as administratrix, without even referring to the next of kin, but it is agreed by the parties here that said damages were recovered under the provisions of section 824, Comp. Stat. 1921, and inure to the exclusive benefit of the widow and children. On the day when said judgment had been obtained, the Magnolia Petroleum Company paid the said sum of $3,000 into the hands of the court clerk of the district court in satisfaction of said judgment.

Neither the widow nor the children for whose benefit said money was recovered were parties to said action, nor were they referred to either by name or by the relationship which they bore to the deceased, in the pleadings or in the judgment itself, and it does not appear from the record or from the facts in the case that either the widow or the children had any actual knowledge of the proceedings had in the suit or the recovery of the money at the time it was recovered.

After the money had been paid into the hands of the court clerk, Effie Young, as administratrix, drafted and filed in the action in which she recovered the judgment for damages a petition praying the judgment of the district court as to the distribution of said monies. The petition bore the same title as the former case, showing herself as administratrix to be the plaintiff, and the Magnolia Petroleum Company as defendant. No other parties were named as parties to the suit. No service, either actual or constructive, was had upon the widow or the children or any one claiming to be a beneficiary of said fund, and these facts appear from the face of the judgment roll itself. On the same day she filed the petition for judgment of distribution, the district court rendered and entered a second judgment, by the terms of which it adjudged that this sum of $3,000 should be paid and distributed as follows: Unto Effie Young, who in said petition for distribution claimed to be the widow of Al Young, the sum of $1,000; unto Arlie Young, alleged in said petition to be a child of Al Young, the sum of $1,000; unto ——— Young, whose given name does not appear in the judgment and who was alleged to be a child of said deceased, the sum of $1,000.

All the aforesaid proceedings in both county and district court were had on February 28, 1919. Thereafter and on July 1, 1920, Florence Young filed her suit in the district court of Creek county, in which she made the following material allegations: First, that Effie Young was the duly appointed administratrix of the estate of Al. Young, deceased, and that on February 28, 1919, she, as such administratrix, had recovered the sum of $3,000 upon the cause of action and for the purposes above stated; that she, the said Florence Young, was the widow of Al Young, deceased, and was entitled to share in the distribution of said fund of $3,000, and that Effie Young had failed and refused to pay any part of same to her; that the Aetna Casualty & Surety Company was the surety upon her official bond. In said petition she prayed judgment against F. E. Young and the surety upon her bond for what she claimed to be her share of said fund. She made no reference to the judgment of distribution by the district court.

No service was had upon Effie Young, but the surety company answered and contested the case. The defenses made by the company are more definitely set out in the body of the opinion. The district court rendered judgment in favor of Florence Young and against the surety company in the sum of $1,000, and the surety company brings the case here on appeal.

Because Florence Young claims an interest in the fund so recovered, it is urged by the surety company at the outset that she has ratified the judgment of the district court in the distribution of said fund. There is no merit to the contention. Florence Young has ratified the action of the county court in appointing Effie Young to be administratrix and has ratified the action of Effie Young in the maintenance of the suit to recover the sum of $3,000, and is estopped from asserting that that judgment is invalid or that Effie Young was acting without authority. Florence Young cannot claim the benefits of these proceedings and escape the liabilities, but she has not attempted so to do. Ratifying the recovery of damages, she seeks only to recover the portion thereof to which she was entitled. This is not only consistent with the judgment itself, but as a matter of law the judgment could have been rendered only upon the theory that if she be the widow of the deceased she is entitled to her lawful share of the proceeds of the judgment. By claiming her part

of the proceeds of the judgment, she has not ratified the action of the district court to which she was not a party in determining the distribution to be made of the proceeds of the judgment.

Effie Young was appointed to one office and to one office only. The title to that one office is "Administratrix of the estate of Al Young, deceased." By the statutes of the state, she thereby became a trustee charged with the administration of two separate estates, as follows, to wit: First, that property which Al Young, deceased, owned at the time of his death, and by virtue of chapter 5, Comp. Stat. 1921. This she was bound to administer for the benefit of the creditors and the heirs of the deceased under the exclusive original jurisdiction of the county court. Second, that property consisting of claims for damages created by section 824, Compiled Oklahoma Statutes, 1921, against those whose wrongful act caused the death of Al Young, deceased, and by virtue of said estate, that she was bound to administer and distribute to the heirs of the deceased, and under exclusive original jurisdiction of the district court as a court of equity.

The Legislature was acting within its rightful authority in consigning both of these trust estates to the one official, and her duties in the administration and distribution of each of them were equally material, official, and by statute made germane to the one single office which she held, although the language used in the name of the office indicated the inclusion of one trust and the exclusion of the other. But there is nothing in the name. The Legislature could have assigned the duty of collecting these damages unto the county assessor and thereupon same would have become an integral part of the official duties of the county assessor. A State Mine Inspector may be given the same jurisdiction over an oil well as over a coal mine. In some territories the Secretary of State performs also the duty of State Auditor, and the probate judge of a county may also be superintendent of the public schools. These extra duties are as official as the one signified by the name of the office. In some instances the lawmakers have been known to create two separate offices and provide that one person might be elected or appointed to hold both offices. In those cases, duties assigned to one office are not official duties of the other office, although both offices are held by the same person. This section does not create a new office; it creates new duties and assigns them to an old office already created. Effie Young held one office with dual duties. She was one trustee for two separate estates by virtue of one office, for which she received but one official appointment. The name of this office is "Administratrix of the estate of Al Young, deceased", but by operation of law, she was in fact "Administratrix of the estate of Al Young, deceased, and of the estate created by the wrongful act which produced his death", and her duties and obligations are just as fully such as they would have been had the Legislature in section 824, supra, amended the name of that office already created and to which additional duties were there assigned.

What court has original jurisdiction over the administration of this fund? The state Constitution in section 13, art. 7, creates the county court and gives it probate jurisdiction over the estates of deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards. Article 1, chap. 5, Comp. Stat. 1921, carries this constitutional provision into effect. We have no statutes further extending this jurisdiction. This fund did not arise out of a claim owned by the deceased in his lifetime and does not belong to the estate of the deceased, but belongs to certain cestui que trusts who bear the statutory relation to the deceased prescribed in the law that created the fund. Until distributed or adjudged to belong to some minor, idiot, lunatic, or person non compos mentis, or common drunkard, the county court has no jurisdiction over it as an estate of such person. It clearly cannot seize the fund as the property of the estate of the deceased. In section 10 of art. 7 of state Constitution there is created the district court. It is made a court of record and is given general original jurisdiction as a court of law and of equity over all cases where exclusive original jurisdiction is not given to another court. It therefore has exclusive original jurisdiction over this official in the administration and distribution of this estate created by section 824, supra.

Suits appertaining to the administration of this fund must be filed and proceed under the statutory Code of Procedure and the rules of equity governing generally the administration of such or similar trust estates. It is the duty of the trustee at his peril to distribute the trust estate to the proper cestui que trusts. To determine to whom and in what proportion it shall be distributed, the trustee may resort to suit in the district court, and in following the final determination of that court as to its distribution

the trustee is amply protected. This is true, provided, of course, that the court making such adjudication has acquired the three necessary elements of jurisdiction, to wit, jurisdiction over the person, over the subject-matter, and jurisdiction to render the particular judgment. With either element lacking, the judgment of distribution is void, and if such want of jurisdiction so appears on the face of the record, the judgment of distribution is like the proverbial "dead limb upon a tree," subject to being torn asunder by any instrument at any time and in any convenient manner and yet constituting no legal obstruction while it there remains.

When this money was received by the court clerk of the district court, all the issues in that case had been fully and finally determined by the district court and its jurisdiction in all matters presented to it had been exhausted and the case was at an end. There was left to be done only the ministerial act of the clerk to pay the money to the administratrix, and to pay her all of the money recovered in the case he was bound to do, regardless of who were the cestui que trusts. The pleadings and the judgment should have recited that the deceased left kin surviving, and that the recovery of the moneys was for their benefit. None of these material provisions there appear, but as both parties here on appeal agree that such was the purpose and intention of such judgment, we so treat it here If in the original suit she had named the widow and children and had there sought and recovered a several judgment in specific amounts for each of them separately, we would have a much different case from the one at bar. Here the judgment was for one lump sum and by its express terms was for the benefit of the administratrix without reference to the next of kin. We are treating it as being for their benefit because both parties before us so agree. On that theory we hold that when the proceeds of that judgment were paid into the hands of the court clerk, the widow and children became at once the owners of said moneys, the separate interest of each being in an unliquidated amount, which could thereafter be determined by the court only in a suit where they were brought into court by due process. Effie Young, as administratrix, then filed in the district court a new petition for relief in the case just concluded, seeking an adjudication as to distribution. Such petition has no business in the files of the old case, and the court acquired no jurisdiction over the person of the cestui que trusts by filing the petition in that old case. They were not even in court on the issues involved in the first case. In the second petition she sought a judgment binding all the cestui que trusts as to the distribution of these funds and a judgment so intended she there obtained in the court on the day she filed the petition. This second judgment shows upon its face that no service, either actual or constructive, was had upon the cestui que trusts or upon any one whomsoever and none but the petitioner herself seems to have participated therein or had knowledge of the second proceedings. Under the law governing courts of equity she could have obtained service, actual or constructive, upon all claiming an interest in said fund, and upon so doing the judgment would have been valid and her sufficient protector. As no such service was had or attempted, the court acquired no juricdiction over the person of the cestui que trusts or of those claiming to be such. The district court lacked the first necessary element of jurisdiction and it so appears upon the face of the judgment itself. Therefore such judgment is absolutely void upon its face and is wholly incompetent as evidence by whomsoever it may be offered in the case at bar. It affords no protection whatsover to Effie Young as administratrix for any distribution of the fund which she may have made, and that judgment of distribution can be given no consideration in determining the main issues in the case at bar.

Is the Aetna Casualty & Surety Company, a corporation, surety on the bond of Effie Young, administratrix, liable for the payment to Florence Young of her part of this fund due to her by such administratrix? The conditions of the bond are provided in section 1162, Comp. Stat. 1921, as follows:

"The bond must be conditioned that the executor or administrator shall faithfully execute the duties of the trust according to law."

The bond actually given and by the court approved as to the conditions therein, reads as follows:

"Now, if the above bounded principal shall faithfully execute the duties of such trust as such Admx. according to law, then this obligation to be void, otherwise to remain in full force and effect."

As "administratrix", the law makes her trustee for two estates, and while acting in relation to either she is nevertheless acting as "administratrix". She cannot act therein in her private capacity, for as such she has no interest or authority, and offici-

ally she can act only as administratrix, for that is the only office she holds. The statutes provide that this suit to recover this money shall be maintained by the personal representative, an officer of the court, and in this case the personal representative is the administratrix of the estate of Al Young, deceased. It was the statutory duty of the administratrix in her official capacity as administratrix and not otherwise to maintain this action. The right and duty to maintain the action includes the right and duty to collect and receive into her own hands for distribution, the moneys which the action is brought to recover. Having been appointed such administratrix, no officer or person other than she could do so and she could do so only in her official capacity. Now the surety company on the bond says to us that she must distribute the fund not in her official capacity, as administratrix, but as a statutory trustee. Why, the only statutory trustee we have here is the administratrix and she is an officer of the court. If it be otherwise, then such statutory trustee of this fund is not an officer, but an unsworn, unbonded private person who played the part of an officer of the court in exercising the power to collect and ipso facto becomes a private person to distribute funds in her official hands. Was it the intention of the lawmakers to grant this power to collect to one, as an official, and then with the money in her hands make no requirement that as an official she distribute the same? Holding the money as an official, does she distribute same as a private person? No, for in that same capacity in which she received, so in that capacity must she distribute. Then she disburses as an officer and nowhere in relation to these matters was but one office created by law and that office was labeled administratrix, the office by authority of which alone she and none other could collect. The duties she owed in disbursing this fund were the duties consigned to her by law; they were official because as a private person she had no right to collect the money. These duties, then, are a part of the statutory obligation of her trust. The duties of the administratrix under section 824, supra, are somewhat of the nature of ex-officio duties. The following authorities well support our theory of liability, to wit: Jas. D. Van Valkenbergh et al. v. The Mayor and Aldermen of the City of Paterson, 47 N. J. 146; Town of Redwood City v. Henry Grimmenstein, 68 Cal. 512; sec. 236, Throop on Public Officers, page 252. A case where the officer held two separate offices and gave two separate bonds is found

in Satterfield v. The People, for the use of Jefferson County, 104 Ill. 448. It is not required that the extra duty be germane to the office held, unless the law creating the extra duty be enacted after the execution of the bond. Hughes v. Bd. of County Com'rs of Okla. County, 50 Okla. 410, 105 Pac. 1029; State ex rel. Berry v. Hundley (Miss.) 87 South. 890; Catts, Governor, v. Winburn (Fla.) 88 South. 918. This brings the liability within the clear and unequivocal provisions of the bond.

The surety company in its brief cites and quotes numerous authorities in relation to this point, but all of them are clearly inapplicable. They relate to cases and instances where the administrator received funds which not only did not belong to the estate of the deceased, but moneys which it was not the duty of the administrator under the law to receive. In the case at bar, the administratrix was required by law to receive this money and to distribute it. The authorities referred to are as follows: Shields v. Smith, 71 Ky. 601; Costigan v. Kraus et al. 158 Ky. 818, 166 S. W. 755; Nickals v. Stanley (Cal.) 81 Pac. 117; Bradford v. Watson (Fla.) 62 South. 484; Brown v. Fessenden (Me.) 17 Atl. 709; State v. Barrett (Ind.) 22 N. E. 969; Johnson v. Hall, 101 Ga. 687; Probate Court v. Williams (R. I.) 73 Atl. 382, 388. We approve the rule announced by this court in Board of Co. Com'rs v. Vaughn, 51 Okla. 609, 152 Pac. 115:

"Sureties on an official bond are only answerable for acts of their principal while engaged in the performance of some duty imposed by law, or for an omission to perform such duty."

Section 824, supra, imposed on Effie Young, as administratrix, the duty to collect this money.

If our theory of the liability of the surety is erroneous, why did the lawmakers enact into section 824 the provision that this suit should be maintained only by the administrator if one were appointed? Why were they not content to let the widow or the next of kin themselves maintain this action in their own names as in section 825, Comp. Stats. 1921, they did provide in case no administrator was appointed. Boldly stands out the only plausible reason, to wit, that they desired to give the heirs the protection of a bonded officer. When the surety company signed this bond, it was evidently its intention to become liable for the distribution of this fund, for it appears that from the beginning there was no estate upon

which to administer and that all the duties of the administratrix were those placed upon her by section 824, supra.

Many cases are cited by the surety company which upon first reading seem to hold that the maintenance of a suit under section 824 is not a part of the official duties of the administrator, but on a careful study of those cases, they become easily and clearly distinguishable. In all those cases, the sole question under consideration was whether the money collected was a part of the estate of the deceased. If the court said anything in those opinions going beyond that point such expressions are mere dicta and of no value as a guiding precedent here. The courts there said that the administrator did not collect said funds as the administrator of the estate of the deceased, but by said expression the courts merely meant to say that the administrator in collecting said funds was not performing a duty as a trustee for the estate of the deceased and was not performing a duty consigned to him by the laws concerning the administration of the estates of deceased persons and was not acting within the scope of his duty prescribed in the Probate Code regulating his conduct in relation to the estate of the deceased. It is true the language used by the court is broader than that, but an examination of the cases clearly shows that the thought material to the question before the court was nothing more than as stated above. The courts interpreting those cases were not undertaking to decide whether the collection of this fund by the administrator was a part of the official duties of the office which he held. If the language and expression of those courts be interpreted to go further than what we have said, then such expressions to that extent are mere dicta, not binding as a precedent on the question in the case at bar. No case has been cited and we have found none where the liability of a surety company on the bond of an administrator for money collected under section 824, supra, was before the court, and so we are without guiding precedent in coming to the conclusion which we have here reached.

The cases cited and considered to the effect that money collected under section 824 is not a part of the estate of the deceased, and that the administrator is not under the jurisdiction of the county court in distributing the same are as follows: Missouri Pac. Ry. Co. v. Bennett's Estate (Kan.) 47 Pac. 183; Perry, Adm'r, v. St. Joe & W. R. Co., 29 Kan. 420; Kansas Pac. Ry. Co. v. Cutler, Admr, 16 Kan. 569; Aho v. Republic Iron & Steel Co. (Minn.) 116 N. W. 590; Kennedy v. Davis (Ala.) 55 South. 104; Spokane & I. E. R. R. Co. v. Whitley, 237 U. S. 487, 59 L. Ed. 1060; St. L. & S. F Ry. Co. v. Goode, Admr, 42 Okla. 784, 142 Pac. 1185; Lahoma Oil Co. v. State Industrial Commission, 71 Okla. 160, 175 Pac. 836; Turner v. Minn. St. R. R. Co. (Minn.) 190 N. W. 986; Davis v. N. Y. C. R. Co. (N. Y.) 135 N. E. 277, reversing 167 N. Y. Supp. 868; Indianapolis & Cinn. Traction Co. v. Thompson (Ind.) 134 N. E. 514; In re Riccomi's Estate (Cal.) 197 Pac. 97; Kuykendall v. Edmondson (Ala.) 87 South. 882; Hamilton v. Erie R. R., 319 N. Y. 343, 114 N. E. 399, aff. 154 N. Y. Supp. 1125; Webster v. Norwegian Min. Co. (Cal.) 70 Pac. 276; White v. Ward (Ala.) 47 South. 166. Contra are: Goltra v. People, 53 Ill. 224; Glass v. Howell et al., 2 Lea (Tenn.) 50.

That in the distribution of the fund the district court must acquire jurisdiction over the person of the cestui que trusts by proper process is discussed in the case of State ex rel. Scannell v. District Court, Ramsey Co. (Minn.) 131 N. W. 381.

The point is urged by the surety company that Florence Young for years had lived separate and apart from her husband and received no support from him and that she was therefore entitled to less than one-third of this fund, if any. It is not necessary for us to decide whether the law of inheritance fixing her pro rata part of the estate of the deceased is applicable to the distribution of the fund. Although Florence Young had for a long time received no support from the deceased, she was entitled to same as a matter of law and this right she could have enforced by law. It appears from the record that this theory was not presented to the lower court and is for the first time presented here on appeal. This is not permissible. No findings of fact or conclusion of law appear in the judgment of the lower court and none were requested. From the record before us we are not able to say but that the lower court followed this theory of plaintiff in error and by judgment gave to Florence Young only such portion of the fund as under the evidence it believed she was entitled to under such rule. There is sufficient evidence in the record to justify the judgment on that theory, and on said account we hold this assignment of error not well taken.

We find no error in the judgment of the lower court, and it is therefor affirmed.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and WARREN, JJ., concur.