WILBURN v. McREE et al.

No. 4311.

United States Court of Appeals
Tenth Circuit.

Dec. 31, 1951.

Clayton B. Pierce, Oklahoma City, Okl. (John R. Couch, Fred M. Mock and Paul C. Duncan, Oklahoma City, Okl., on the brief), for appellant.

R. M. Mountcastle, Muskogee, Okl. (W. A. Combs, Houston, Tex., and A. E. Zellers, Weatherford, Tex., on the brief), for appellees.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from a judgment against appellants, George Wilburn and Fred Henry Hancock, in an action for damages resulting from an automobile collision. The sole question in the case is whether defendant, Fred Henry Hancock, was acting within the scope of his employment as an employee of appellant at the time of the accident.

The facts may be summarized as follows: Wilburn was engaged in the automobile business in McAlester, Oklahoma. Hancock was employed by him as a porter to clean up the office and wash and lubricate cars. Wilburn had gone to Hot Springs, Arkansas, by plane for medical treatment. He had directed Hancock to drive his car from McAlester to Hot Springs and on the way go by Fort Smith to leave his dog with Wilburn's daughter. The most direct route between McAlester and Hot Springs is U. S. Highway 270. This road runs East to near Poteau, where it runs in a Southeasterly direction through Heavener and Waldron to Hot Springs. Highway 70 is an alternate route to Hot Springs. It runs South from McAlester to Atoka and then Easterly through Hugo, Valliant, Idabel and thence Northeasterly through De Queen to Hot Springs. The distance between McAlester and Hot Springs over Highway 270 via Fort Smith is 248 miles. The distance from McAlester to Hot Springs over Highway 270 is 193 miles. The distance from McAlester to Hot Springs over Highway 70 is 272 miles.

Wilburn had intended to return to McAlester in his automobile and pick up his daughter at Fort Smith and take her back to McAlester with him, but when he was ready to return, he did not feel equal to the trip by automobile and returned by plane. On leaving Hot Springs, he instructed Hancock to check out, pay the bills, put his baggage in the car, return to Fort Smith and pick up his daughter and his dog, and bring them to McAlester with him. After Wilburn left, Hancock called the daughter by phone. In the conversation she told him: "Well, Fred, there is no use for you coming through here; I will be over tomorrow evening so you just go on home." Hancock testified that this was the extent of the conversation. He further testified that Wilburn did not tell him exactly what route to take; that when he came to the intersection of Highway 270 with 70, "I just changed my mind all at once and says I believe I will just take this route down this other way. I had plenty of time, I just thought I would see some of the country, when I got to Idabel I had a friend there and I would stop and see him." In response to the question "Well, didn't you know Mr. Wilburn had told you to go someplace else?", he replied: "Yes, he told me to go straight home, Yes, Sir." After Hancock got to Idabel, it was getting late, so he did not stop to see his friend, but continued on his way. The accident under which this action arose occurred after he had passed Idabel. Wilburn testified that his instructions to Hancock with regard to the baggage and automobile were: "Pack it and put it in the car and go back through Fort Smith and pick up the dog and my daughter, if she wanted to come over." In response to the question, "Now, Mr. Wilburn, you didn't tell him what road to take on that occasion, did you?", he replied: "No, Sir." The contention that it was Hancock's duty to return to McAlester over Highway 270, when he was not required to go to Fort Smith, is not supported by any specific direction to that effect. It can be supported only by the inference that when he was not required to go to Fort Smith he would be expected to take that route.

Appellant's sole contention is that the undisputed evidence established that Hancock violated his instructions as to the journey home by choosing the longer route over

Highway 70 and thus abandoned his employer's business and was not acting within the scope of his employment, at the time of the accident, and that, therefore, the court erred in refusing to instruct a verdict for appellant.

It may be assumed without so deciding that Hancock was of the opinion, in the absence of specific instructions, that he would be expected to return over Highway 270, when he ascertained that it was not necessary to go to Fort Smith, and that his change to route 70 constituted a deviation from the expected route. Nonetheless, we think the judgment must be affirmed.

Oklahoma has steered a consistent course in the application of legal principles to the question inherent in this appeal. The cases relied upon by appellant, in which the court held that there was an abandonment of the employer's business by deviation in the route, differ from those relied upon by appellee only by the facts interpreted by the Supreme Court in light of these applicable principles of law. In Carder v. Martin, 120 Okl. 179, 250 P. 906, 907, where the court found an abandonment of the master's business, it said that the test was whether "it could be said that the servant was stepping aside, in some marked or unusual manner, for some purpose wholly disconnected with his employment." In De Camp v. Comerford, 134 Okl. 145, 272 P. 475, 477, where the court found abandonment, it stated that "he was engaged in a mission in no way connected with his masters' business, and solely for his own convenience or pleasure." In Heard v. McDonald, 172 Okl. 180, 43 P.2d 1026, 1027, the court found there was an abandonment of the master's business, but on the question of deviation, the court again affirmed the doctrine of the Carder case, quoting therefrom the following: "We think, however, that the correct test to be applied is, not so much whether the conduct of the servant was a departure or a mere deviation from his line of duty, but whether, taking into consideration the purpose of his mission, and the distance traveled, it could be said that the servant was stepping aside, in some marked or unusual manner, for some purpose wholly disconnected with his employment." In Retail Merchants Ass'n, etc. v. Peterman, 186 Okl. 560, 99 P.2d 130, 132, in which abandonment was found and which case appellant states is the latest expression of the Oklahoma Court, the court again said: "We have held that the correct test to be applied is not so much whether the conduct of the servant was a departure or a mere deviation from his line of duty, but whether, taking into consideration the purpose of this mission and the distance traveled, it could be said that the servant was stepping aside in some marked or unusual manner for some purpose wholly disconnected with his employment." These statements of the law taken from cases relied upon by appellant are consistent with like statements found in the cases relied upon by appellee, in which no abandonment was found. A factual examination of all the cases warrants the statement that in a number abandonment was found where the deviation was slight, while in others it was held that it could not be said as a matter of law that there was abandonment, although the deviation was substantial.

Analyzing the Oklahoma cases, we conclude that under its decisions abandonment does not result merely because a specific instruction as to the route to be taken is disobeyed,[1] nor yet that it results because a deviation from the designated or ordinarily traveled route is slight or substantial. It results only when taking into consideration all these factors, in light of the particular evidence in each case, it can be said that the servant was stepping aside in some marked or unusual manner for a purpose wholly disconnected with his employment.

Viewed in this light, it cannot be said as a matter of law that Hancock abandoned his employer's business, because he chose an alternate, although longer, route in returning his employer's effects and automobile to McAlester, merely because one

1. Lee v. Pierce, 112 Okl. 212, 239 P. 989.

of the motives prompting this decision was seeing new country and stopping to visit a friend en route. Under all the evidence it was a question for the jury and it was warranted thereunder in concluding that these incidents were minor considerations and that he was at all times engaged in his employer's business in returning his effects and automobile as he was directed to do.

Affirmed.