**GARRETT et al. v. McREE et al.**
No. 4508.

United States Court of Appeals
Tenth Circuit.

Jan. 12, 1953.

Goerge Siefken, Wichita, Kan. (W. A. Combs, Houston, Tex., on the brief), for appellants.

A. E. Zellers, Grindstaff, Zellers & Hutcheson, Weatherford, Tex., Andrew W. Wilcoxen, and Banker, Bonds & Wilcoxen, Muskogee, Okl., on the brief for appellees.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

This appeal involves the power of the trial court to fix and apportion attorneys' fees out of a fund recovered in a suit under the Oklahoma Wrongful Death Statute.

W. McRee of the State of Arkansas employed A. E. Zellers, an attorney of Weatherford, Texas, to assist him in a claim for damages for the wrongful death of his wife and injuries to himself growing out of an automobile accident in McCurtain County, Oklahoma. Alberta Lee Garrett, his wife's minor daughter by a former marriage, was also injured in the same accident and she employed W. A. Combs, an attorney at Houston, Texas.

After the husband and minor daughter, by her father and next friend, had joined in a suit in the Eastern District of Oklahoma for wrongful death of the deceased, the trial court dismissed the same for improper parties. The husband, McRee, was thereupon appointed administrator of the estate of his deceased wife in Arkansas, and the complaint was amended to assert the cause of action under the Oklahoma Wrongful Death Statute, 12 O.S.A. § 1053, in the name of the administrator for the benefit of the surviving husband and minor daughter. In separate causes of action, McRee also sought compensation for his personal injuries and damages to his automobile; and the minor daughter, through her father and next friend, sought separate damages for her personal injuries.

On a trial of the case the jury awarded McRee $350.00 on his personal claims; Alberta $100.00 on her personal claim; McRee as administrator was awarded $3,842.00 on the count for conscious pain and suffering and medical expenses. $20,000.00 was awarded for the economic loss sustained by the next of kin, and the jury having been instructed by the court at the request of counsel to divide this latter amount between McRee and Alberta, awarded McRee $5,000.00 and Alberta $15,000.00. Judgment was rendered on the verdict, and after affirmance in this court (Wilburn v. McRee, 193 F.2d 425), the total amount of the judgment plus interest, was deposited in court. Prior thereto Zellers filed an attorney's lien for 1/3 of the total judgment.

When the controversy over the division of attorneys' fees arose, Garrett, who had been appointed guardian of the person and estate of his minor daughter in the probate court of Harris County, Texas, intervened in the Oklahoma suit claiming the $15,000.00 awarded to his daughter free of any claims by Zellers for attorney's fees. The prayer was that the $15,000.00 be paid direct to the guardian for disposition by the probate court of Harris County, Texas. McRee as administrator, responded to the guardian's motion, alleging that prior to the institution of the suit he employed Zellers to prosecute the cause on behalf of himself and as administrator on a contingent fee basis of 33⅓% of the amount recovered for the administrator, and that by reason of such contract he was obligated to pay the said fee as a necessary expense in the performance of his duties as administrator; that the said fee was just and reasonable for the services rendered. Wherefore the administrator moved the court to direct the payment of 33⅓% of the total amount recovered for the administrator to Zellers as attorney's fees, or such amount as the court deemed reasonable.

Upon the issues thus joined, the trial court conducted a hearing in which it developed that after their employment the two attorneys concluded to join in a suit in the federal court in Oklahoma, each representing his client and looking to his client solely for compensation. That after it became apparent through advice of local counsel and the ruling of the trial court that the suit for wrongful death could be prosecuted only in the name of the administrator for the benefit of the spouse and surviving daughter, McRee was appointed administrator, and thereafter as such administrator, employed Zellers to prosecute the suit on behalf of himself personally and as administrator.

Both attorneys actively participated in the trial of the case which culminated in the judgment for the administrator.

In a memorandum the trial court, after reciting the facts, pointed out that the action for wrongful death and for conscious pain and suffering could be maintained only by the administrator, citing Aetna Casualty & Surety Co. v. Young, 107 Okl. 151, 231 P. 261; that McRee was technically correct in contending that it was his duty as administrator to collect and distribute the money awarded by the judgment; and that Garrett as legal guardian, was also technically correct in contending that he was entitled to the money belonging to his ward to be disposed of under the jurisdiction of the probate court in Texas. But a controversy having arisen concerning the payment of attorneys' fees for services rendered on behalf of the administrator for the recovery of the fund which is the subject matter of the court's judgment, the court found it necessary as an incident to the exercise of its jurisdiction to make an order for the distribution of the $15,000.00 then deposited in the registry of the court, and as an incident thereto, to fix the reasonable attorneys' fees for the attorneys and direct the payment not only to the guardian for the minor but also to the respective attorneys. From its first-hand knowledge of the services performed in the court, it found that a reasonable attorneys' fee for the services performed on behalf of the administrator by both attorneys would be 33⅓%, or $8,267.49; that Zellers was entitled to ⅔ of the total amount and Combs ⅓. An order of distribution was made accordingly.

Combs contends, as he did in the trial court, that the attorneys having agreed to

look to their respective clients for their attorney's fees, neither could acquire any interest in the award granted to the other; that when the jury awarded his client $15,000.00 of the common judgment, it immediately vested in and became a part of the minor's estate subject to the exclusive jurisdiction of the probate court of Harris County, Texas. And that the trial court was without jurisdiction to subject the fund to the payment of attorneys' fees —either to Zellers or Combs.

It is said that Zellers must look to the probate court in Arkansas for the allowance of his fees out of the sums awarded the administrator for the benefit of the estate of the deceased for pecuniary loss to the spouse. The effect of this contention is to say that after the jury apportioned the amount of the judgment between the beneficiaries for whom the suit was prosecuted, the court thereafter lost jurisdiction to make any order other than the distribution to the respective courts having jurisdiction of the respective estates.

The Oklahoma Wrongful Death Statute creates two distinct causes of action—one for injuries to the person such as pain and suffering which inures to the benefit of the estate and is subject to debts of the decedent; the other for damages for wrongful death which inures to the exclusive benefit of the surviving spouse, children, or next of kin, and is not subject to the debts or liabilities of the decedent's estate. See 12 O.S.A. § 1053; Aetna Casualty & Surety Co. v. Young, supra; Deep Rock Oil Corporation v. Sheridan, 10 Cir., 173 F.2d 186.

■ When the proceeds of the judgment for wrongful death are apportioned and paid, they become at once the separate and distinct properties of the beneficiaries and the jurisdiction of the court where the judgment was rendered usually ends with the apportionment and payment of the judgment. Aetna Casualty & Surety Co. v. Young, supra; Hurley v. Hurley, 191 Okl. 194, 127 P.2d 147. But the jurisdiction of the court is not exhausted so long as the funds are in the registry of the court and adverse claims are asserted thereto; and

where an attorney recovers a fund in a suit under a contract with a client providing that he shall be compensated only out of the fund he creates, the court having jurisdiction of the subject matter of the suit has power to fix the attorney's compensation and direct its payment out of the fund. 16 Am.Jur., Death, § 250; United States v. Equitable Trust Co., 283 U.S. 738, 51 S.Ct. 639, 75 L.Ed. 1379; Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; United States v. Anglin & Stevenson, 10 Cir., 145 F.2d 622; and Swift v. Jackson, 10 Cir., 37 F.2d 237. And this jurisdiction extends to a judgment recovered by an administrator in a suit for wrongful death. Hurley v. Hurley, supra; National Valve & Mfg. Co. v. Wright, 205 Okl. 571, 240 P.2d 766. The administrator is the trustee for the beneficiaries of the judgment and the judgment is a trust fund within the equitable jurisdiction of the court for distribution in accordance with equitable considerations. See Hurley v. Hurley, supra, 127 P.2d at page 152.

But it is suggested that this is not a controversy between attorney and client but between two lawyers for the apportionment of attorneys' fees over which the trial court was without jurisdiction; that the attorneys should be left to pursue their remedies in the respective probate courts which must finally approve their stewardship. But while the funds were in the registry of the court, the administrator petitioned the court for the determination of a reasonable attorneys' fee to Zellers. Although Combs did not consent to the jurisdiction of the court to award the attorneys' fees, he did intervene to claim the entire $15,000.00 free of any claim for attorney's fees to Zellers.

■ We agree with the trial court that its equitable jurisdiction was thus invoked; that it was undoubtedly empowered to determine the aggregate amount of attorneys' fees earned in the creation of the fund in the registry of the court. And we also agree that as a proper incident to the exercise of that jurisdiction, it was certainly empowered to apportion that amount between contending claimants whose joint

efforts created the fund. To be sure, the equitable jurisdiction of the court is not exhausted short of final adjudication.

Combs also attacks the apportionment of the fee, contending that the proof does not support a ⅔–⅓ division. But the services having been rendered in the trial court, are essentially within the peculiar competence of that court, and we certainly should not disturb the exercise of its discretion as to apportionment in the absence of clear abuse. United States v. Anglin & Stevenson, supra.

The judgment is affirmed.