434 F.2d 1278
 Carl CAPPEL, Ind., etc., et al., Plaintiffs,
Johnny Splawn, Appellant,
v.
William Arnold (Bill) ADAMS et al., Defendants-Appellees.
 No. 29696 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 December 9, 1970.
 
 John H. Splawn, Jr., pro se; Splawn, Maner & Nelson, Lubbock, Tex., for appellant.
 Holvey Williams, El Paso, Tex., for minor-appellees.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 WISDOM, Circuit Judge:
 
 
 1
 The controversy here is over contingent attorney fees recoverable from the proceeds of a settlement and judgment in favor of an adult and three minor children. Johnny Splawn, the attorney representing the plaintiffs, appeals from an order of the district court reducing Splawn's fees from one-third to one-fifth for his services in representing the minors. We affirm.
 
 
 2
 On March 16, 1969, Carl Cappel was injured and his wife killed as a result of carbon monoxide poisoning while staying at an El Paso, Texas, motel. The presence of the gas in their room was traced to a defective vent pipe in a floor furnace. The district judge characterized the case as one "with absolute liability or practically absolute liability."
 
 
 3
 Cappel and his wife had one child, Carl Andrew Cappel, who was then four years old. Cappel's wife had two other children by a former marriage, Wayne and Brenda Brewer, then ages eight and twelve. All the children lived in the Cappel household in Albuquerque, New Mexico.
 
 
 4
 On March 28, 1969, Cappel executed a contract employing Splawn to represent him and the children in litigation arising out of his injuries and his wife's death. The attorney was to receive one-third of all monies collected for Cappel and the children whether by settlement or trial.
 
 
 5
 Splawn filed a diversity suit in the United States District Court for the Western District of Texas against the owners of the El Paso motel. A few months later the parties agreed to settle the lawsuit and presented the settlement agreement for the approval of the district court. Following a hearing, the district court approved the settlement agreement and entered judgment for the plaintiffs. Under the agreement, the defendants paid into the registry of the court $100,000 for distribution by the court. The court then awarded $40,000 to Cappel and $20,000 to each of the three children, subject to Splawn's claims for attorneys' fees. Although the court approved Splawn's recovery of one-third of Cappel's award, it limited his share in the children's awards to one-fifth. Out of the total recovery of $100,000, therefore, Splawn was awarded $25,333.33. Contending that he is contractually entitled to $33,333.33, Splawn appealed from the order of the district court distributing the settlement proceeds.
 
 
 6
 Splawn properly invoked the equitable jurisdiction of the court to approve the terms of the settlement and decree a proper distribution of the proceeds. The court thus had jurisdiction over both the subject matter and the parties. In a similar wrongful death suit Judge Murrah of the Tenth Circuit has well stated the applicable rule:
 
 
 7
 where an attorney recovers a fund in a suit under a contract with a client providing that he shall be compensated only out of the fund he creates, the court having jurisdiction of the subject matter of the suit has power to fix the attorney's compensation and direct its payment out of the fund.
 
 
 8
 Garrett v. McRee, 10 Cir. 1953, 201 F.2d 250, 253. See also United States v. Anglin & Stevenson, 10 Cir. 1944, 145 F.2d 622, 624; Swift v. Jackson, 10 Cir. 1930, 37 F.2d 237, 240. The sum determined to be a reasonable attorney's fee is within the discretion of the district court; before a reviewing court should disturb the holding there should be a clear showing that the trial judge abused his discretion. Garrett v. McRee, 10 Cir. 1953, 201 F.2d 250, 254; Monaghan v. Hill, 9 Cir. 1944, 140 F.2d 31, 34. There is no such showing in this case.
 
 
 9
 Splawn does not dispute the validity of these principles, but contends that they are inapplicable in a case in which the attorney has a valid contract fixing his fee. The action of the district court in these circumstances, Splawn argues, interferes with the right of the attorney and his client to establish the attorney's fee by mutual agreement, "without being restrained by the law." We cannot agree.
 
 
 10
 Contingent fee contracts have long been commonly accepted in the United States in civil proceedings to enforce claims. Such arrangements have been traditionally justified on the ground that they provide many litigants with the only practical means by which they can secure legal services to enforce their claims. See ABA Code of Professional Responsibility EC 2-20 (Final Draft, July 1, 1969). Nevertheless, the right to contract for a contingent fee has never been thought to be unrestrained. Contingent fee contracts have been declared invalid when the agreement was to secure a divorce, or defend a criminal prosecution, or influence the passage of legislation. Contingent fee contracts have been especially subject to restriction when the client is a minor, largely because of the obvious possibilities of unfair advantage. Moreover, courts have refused to enforce contingent fee arrangements when the amount of the fee seemed excessive. See Recent Developments, 60 Colum.L.Rev. 242, 244-45 (1960). Indeed, Canon 13 of the old Canons of Professional Ethics of the American Bar Association recognized the right of an attorney to contract for a contingent fee, but expressly made that right "subject to the supervision of a court, as to its reasonableness."
 
 
 11
 In the well-known case of Gair v. Peck, 1959, 6 N.Y.2d 97, 188 N.Y.S.2d 491, 160 N.E.2d 43, the Court of Appeals of New York upheld the power of the courts to establish a schedule of reasonable contingent fees. The unsuccessful plaintiffs in Gair v. Peck argued, as Splawn does here, that the court was without power to supervise contingent fee contracts because of a New York statute providing that the compensation of an attorney is governed by agreement, unrestrained by law. Moreover, Judge Murrah did not condition his holding in Garrett v. McRee, supra, upon the non-existence of an express contingent fee arrangement; indeed, it appears to have been argued specially that the attorneys involved had valid one-third contingent fee contracts.
 
 
 12
 Wiener v. United Air Lines, S.D.Cal. 1964, 237 F.Supp. 90, closely parallels the instant case. In the wrongful death actions consolidated under that title, United Air Lines deposited in the court the amount of the judgments rendered against it for distribution by the court. Distributing the funds, the court allowed as a reasonable attorney's fee one-third of the total recovery received by each adult plaintiff, if the adult had executed a contract to that effect. With respect to the minors involved, however, the court was "of the view that 22 per cent is the maximum amount of their share which can be regarded as reasonable attorneys' fees." 237 F.Supp. at 96.
 
 
 13
 We conclude that the district court acted within its discretionary power in restricting Splawn's recovery to a full one-third of Cappel's award and one-fifth of each of the children's awards. Splawn himself invoked the equitable jurisdiction of the court to have the settlement agreement approved and the proceeds distributed; once invoked, the equitable jurisdiction of the court was not exhausted until all claims against the funds in the registry of the court were adjudicated. See Garrett v. McRee, 10 Cir. 1953, 201 F.2d 250, 253-254. The district court did not abuse its discretion in awarding Splawn $25,333.33 as attorney's fees; in the circumstances of this case, the sum was reasonable and fair to the minors.
 
 
 14
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I