**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARLIN RUSSELL; CATHY
RUSSELL, individually and as duly
appointed Co-Guardians of Jacob Ryan
Russell,

        Plaintiffs-Appellees,

PERRY TRENT,

        Plaintiff-Intervenor-
        Appellant,

v.

YELLOW FREIGHT SYSTEM, INC.;
THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA,

        Defendants.

No. 97-7119
(D.C. No. 97-CV-88-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This case involves a dispute over the apportionment of attorney fees arising from the partial settlement of a wrongful death action. Appellant Perry Trent appeals the attorney fees awarded to counsel for appellees Arlin and Cathy Russell (the Russells). We affirm.

## Background

The Russells filed a wrongful death action, individually and as co-guardians of their grandson, Jacob Ryan Russell. The Russells sought damages arising from the death of their daughter, Tammy Marie Trent, and for injuries incurred by Jacob, Tammy's minor son, when Tammy's car collided with a vehicle operated by an employee of defendant Yellow Freight System, Inc. Defendant moved for dismissal based on Okla. Stat. tit. 12, §§ 1053, 1054 which provide that an action for wrongful death may be brought only by the personal representative of the decedent's estate, the surviving spouse if no personal representative has been appointed, or the next of kin if there is no surviving spouse. While defendant's motion to dismiss was pending, Perry Trent, Tammy's estranged husband, applied

-2-

for appointment as personal representative of her estate.[1]  The Russells objected to Trent's appointment as personal representative.

Counsel for the Russells entered into a April 4, 1997 letter agreement with counsel for Trent, whereby the parties agreed to certain procedural and substantive guidelines for the prosecution of the lawsuit.  See Appellant's App. at 24.  In the letter agreement the parties agreed that the Russells would withdraw their objection, and that Trent would be appointed as personal representative of Tammy's estate.  They further agreed that Trent, as personal representative, would join the lawsuit, but that the Russells, as Jacob's guardians, would continue as plaintiffs.  The district court subsequently granted Trent's motion to intervene.  Of significant importance to the question before this court is the parties agreement that "[n]either law firm will share in the respective fees from our clients."  Id.

The Russells successfully negotiated an agreement with defendant, settling their claims against defendant both individually and as co-guardians for Jacob.  The $410,000 settlement was structured as $150,000 to purchase an annuity for Jacob, $100,000 to the Russells for medical and funeral expenses, grief, and loss of companionship, and $160,000 for attorney fees.  Trent initially objected to the

---

[1]    Tammy and Perry Trent had been married for only three months at the time of her death.  They were in the process of divorce and all that was needed to finalize the divorce was the court's signature.  Perry Trent is not Jacob's father.

the terms of the agreement, but "withdrew his objection to the settlement on the basis that the settlement reflected a reasonable settlement on behalf of the child." Appellant's Br. at 8. The Russells and Trent then jointly moved the court for approval of the partial settlement agreement. The district court approved the agreement, dismissed the Russells' claims with prejudice, dismissed Trent's claims without prejudice, and retained jurisdiction for the limited purpose of apportioning attorney fees.

Because the respective attorneys were unable to agree on how the $160,000 attorney fee amount should be apportioned, the district court held a hearing on the matter. Following the hearing, the court entered an order distributing the entire $160,000 to the Stripe Law Firm, counsel for the Russells. Trent, in his capacity as personal representative of Tammy's estate, appeals the district court's decision.

### Discussion

In diversity cases, the federal courts apply state law to a decision determining the propriety of an attorney fees award. See Boyd Rosene & Assocs. v. Kansas Mun. Gas Agency, 123 F.3d 1351, 1352 (10th Cir. 1997). Under Oklahoma law, an award of attorney fees is within the discretion of the trial court and will not be disturbed absent abuse of that discretion. See Green Bay Packaging, Inc. v. Preferred Packaging, Inc., 932 P.2d 1091, 1097 (Okla. 1996).

Trent does not claim, nor is there record evidence, that Trent's counsel was involved in any of the negotiations resulting in the Russells' settlement agreement. Trent asserts that his counsel did "intensive work" preparing to assert his claims in court, including hiring an economic expert and subpoenaing Tammy's employment records. Appellant's Br. at 7. It appears that the "intensive work" appellant claims his attorney put forth was for the purpose of supporting Trent's claims as surviving spouse and would not have been particularly beneficial to the Russells or Jacob.

The district court found that the entire amount realized in the settlement agreement benefitted the Russells and Jacob, and no portion was to compensate Trent as surviving spouse. The court reasoned that, because Trent's claims were dismissed without prejudice, he may still pursue those claims in subsequent litigation. As the district court found, the Russells were at all times represented by their own retained counsel. There was no fee agreement between the Russells and Trent's counsel.

"[W]here an attorney recovers a fund in a suit under a contract with a client providing that he shall be compensated only out of the fund he creates, the court having jurisdiction of the subject matter of the suit has power to fix the attorney's compensation and direct its payment out of the fund." Garrett v. McRee, 201 F.2d 250, 253 (10th Cir. 1953). Although counsels' April 4, 1997

letter agreement was an agreement between the respective counsel and not between counsel and client, see Appellant's App. at 24, the stipulation not to share in the respective fees from their respective clients is clear. Therefore, absent any showing that the district court's decision to distribute the entire attorney fee award to counsel for the Russells was an abuse of discretion, we affirm.

Trent also appears to argue that, as both surviving spouse and personal representative, his status as the only proper person to bring a wrongful death action entitles his attorney to share in the attorney fees award. He further argues that the terms of the settlement agreement went far beyond compensation for Jacob's injuries. The only issue before this court is the district court's decision apportioning attorney fees. Neither the procedural posture of the case nor the terms of the settlement agreement are issues properly before us. Because this court has no jurisdiction to review decisions not raised in appellant's notice of appeal, we do not address these arguments. See Foote v. Spiegel, 118 F.3d 1416, 1422 (10th Cir. 1997).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge