

**FILED**
October 04, 2024 09:11 AM
ST-2009-CV-00070
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| TARIQ DAVIS, a minor, by his parents and next friends, DIANNE BYNOE and ROOSEVELT DAVIS, and DIANNE BYNOE and ROOSEVELT DAVIS on their own behalf, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN YOUTH SOCCER ORGANIZATION, VIRGIN ISLANDS AMERICAN YOUTH SOCCER ORGANIZATION, THE UNIVERSITY OF THE VIRGIN ISLANDS, and LAVAR BROWNE, <br><br> Defendants. | CASE NO. ST-2009-CV-00070 <br><br> **ACTION FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

**2024 VI Super 38U**

### MEMORANDUM OPINION

¶1     **THIS MATTER** is before the Court on Defendants American Youth Soccer Organization and Virgin Islands American Youth Soccer Organization ("Defendants") Motion to Disqualify counsel for Plaintiffs Tariq Davis and his parents, Dianne Bynoe and Roosevelt Davis, collectively ("Plaintiffs"), filed on January 12, 2017. The matter is fully briefed.[1]

¶2     For the reasons set forth below, Defendants' motion to disqualify will be denied.

---

[1] Plaintiffs filed an opposition on April 3, 2017, and Defendants filed their reply on May 19, 2017.

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070                                    Cite as 2024 VI Super 38U
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 2 of 14

## BACKGROUND AND PROCEDURAL POSTURE

¶3     On February 12, 2009, Plaintiff Tariq Davis ("Tariq"), a minor at the time, and his parents, Plaintiffs Dianne Bynoe ("Bynoe") and Roosevelt Davis ("Davis"), through their counsel, filed a complaint for injuries Tariq sustained. Plaintiffs are represented by The Law Office of Desmond Maynard (Desmond Maynard, Esq. or "Maynard") and Shawn Maynard-Hahnfeld, Esq. (Maynard-Hahnfeld"), (collectively "the Firm" or "the Maynards"). Bynoe and Davis sued in their individual capacities and as "by parents and next friends" of Tariq. *See* Compl. Plaintiffs filed suit against American Youth Soccer Organization ("AYSO"), Virgin Islands American Youth Soccer Organization ("VI AYSO"), the University of the Virgin Islands ("UVI"), and Lavar Browne.[2] *See* Compl. The Complaint alleges negligence and seeks damages from Defendants resulting from injuries sustained by Tariq when, while at the UVI field practicing soccer and chasing an errant ball, Tariq ran into the roadway abutting the UVI Soccer Field and was struck by a car. Compl. ¶¶ 13-16.

¶4     Now before the court is Defendants AYSO and VI AYSO's motion to disqualify Plaintiffs' counsel.[3] Defendants AYSO and VI AYSO argue that The Firm's joint representation of all Plaintiffs presents an indisputable conflict of interest that cannot be waived under Virgin Islands Supreme Court Rule 211.1.7. AYSO and VI AYSO assert that Maynard and Hahnfeld-Maynard failed to advise Tariq Davis of several claims he could have asserted against his parents, that Davis and Bynoe could have asserted claims against one another, and that the Firm failed to safeguard

---

[2] Plaintiffs' claims against Defendant Lavar Browne were dismissed on September 23, 2013, pursuant to a stipulation for dismissal executed by said parties.

[3] Previously, Plaintiffs filed a motion to disqualify Attorney Jeffrey Weiss from representing Defendants AYSO and VI AYSO. That motion is currently pending.

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070                                                        Cite as 2024 VI Super 38U
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 3 of 14

Tariq's interest as a minor during settlement negotiations with Defendant LaVar Browne. The court addresses each of these points in turn.

## LEGAL STANDARD

### A. Standards for Disqualification of an Attorney.

¶5      Defendants move to disqualify the Firm on the grounds that they have a conflict of interest for, in summary, failing to advise Tariq Davis of several claims he could have asserted against his parents and that Bynoe could have asserted against Davis and that the Firm failed to safeguard Tariq's interest as a minor during settlement negotiations with Defendant Lavar Browne as well as when Davis settled a claim with himself on Tariq's behalf.

¶6      V.I. S. CT. R. 211.1.7[4]  provides as follows:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

   (1) the representation of one client will be directly adverse to another client; or

   (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

   (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

---

[4] By order dated December 23, 2013, the Virgin Islands Supreme Court adopted the American Bar Association's Model Rules of Professional Conduct and thereby established the Virgin Islands Rules of Professional Conduct, which became effective on February 1, 2014. ABA Model Rule 1.7 was designated as V.I. S. CT. R. 211. "[T]o the extent applicable, the accompanying or related ABA Interpretive Guidelines, Comments and Committee Comments . . . govern the conduct of members of the Bar of this Territory." V.I. S. CT.R. 203(a).

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070                                          Cite as 2024 VI Super 38U
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 4 of 14

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client
against another client represented by the lawyer in the same litigation or other
proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

¶7     This rule makes clear that a lawyer *shall not* represent a client when representation amounts

to a concurrent conflict of interest, with a few exceptions. Therefore, the Court must first determine

whether "there is either direct adversity between two or more clients or a significant risk of material

limitation on the lawyer's advocacy due to the lawyer's relationship with multiple clients." *Denero*

*v. Palm Horizons Mgmt.*, 2015 U.S. Dist. LEXIS 110783, at *9-10 (D.V.I. Aug. 21, 2015).[5]

¶8     "An actual conflict exists if counsel's introduction of probative evidence or plausible

arguments that would significantly benefit one defendant would damage the defense of another

defendant whom the same counsel is representing." *Id.* at *16 (citing *United States v. Rico*, 51 F.3d

495, 509 (5th Cir. 1995) (internal quotation omitted). A lawyer "will be forced to withdraw from

representing all of the clients if the common representation fails." *Denero*, 2015 U.S. Dist. LEXIS

25864, at *29. (citing American Bar Association Rule model rule 1.7 (comment 29)).

¶9     The Court has the "inherent power to disqualify an attorney and can do so at its discretion

so as to safeguard the integrity of judicial proceedings and eliminate the threat of tainted litigation."

*Elgadi v. Ideal Development*, 2021 VI SUPER 80U, at ¶ *23 (V.I. Super. Ct. 2021).[6] However,

---

[5]  Although the cited case is a Virgin Islands District Court case, the case also interprets V.I. S. Ct. R. 211.1.7 ("V.I. Rule 211.1.7"), which is the identical rule at issue in this case.

[6] Citing *Fenster v. DeChabert*, Case No. SX-16-CV-343, 2017 V.I. LEXIS 149, at *4 (V.I. Super. Ct. Sept. 27, 2017) (quoting first *Farrell v. Hess Oil V.I.*, 57 V.I. 50, 57 (V.I. Super. Ct. 2012); then *Rodriguez v. Spartan Concrete Prods., LLC*, 2017 U.S. Dist. LEXIS 62923, at *5 (D.V.I. Apr. 25, 2017)) ("The Court is tasked with supervising the conduct of attorneys that appear before it; and has inherent power to disqualify any attorney if it

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 5 of 14

Cite as 2024 VI Super 38U

disqualification is a drastic remedy and there must be "more than vague and unsupported allegations are needed and courts should hesitate to disqualify counsel unless absolutely necessary." *Elgadi*, 2021 VI SUPER, at ¶ *24.[7] As such, the party seeking disqualification must meet a "high standard of proof prior to a lawyer's disqualification." *Elgadi*, 2021 VI SUPER, at ¶ *24.[8]

## ANALYSIS

### I.        No Inherent Conflict Exists.

¶10     The first question the court must consider is whether "there is either direct adversity between two or more clients or a significant risk of material limitation on the lawyer's advocacy due to the lawyer's relationship with multiple clients." *Denero*, 2015 U.S. Dist. LEXIS 110783, at *9-10. Courts must be hesitant when deciding to disqualify counsel and must determine whether disqualification is appropriate with more than vague and unsupported allegations. *Elgadi*, 2021 VI SUPER 80U, at ¶ *24.[9] Simply put, a motion to disqualify counsel is "a serious matter which cannot be based on imagined scenarios of conflict." *Denero*, 2015 U.S. Dist. LEXIS 110783, at

---

finds such action is warranted.' 'It is at the Court's discretion to determine whether disqualification is warranted. "The underlying principle in considering motions to disqualify counsel is safeguarding the integrity of the court proceedings and the purpose of granting such motions is to eliminate the threat that the litigation will be tainted.").

[7] Citing *Fenster*, 2017 V.I. LEXIS 149, at *5 (quoting *Denero*, 2015 U.S. Dist. LEXIS 25864, at *7-8) ("'Vague and unsupported allegations are not sufficient to meet this standard.' "Motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary.").

[8] Citing *Farrell*, 57 V.I. at 57 (quoting *Prosser v. Nat'l Rural Util. Cooperative Fin. Corp.*, 2009 U.S. Dist. LEXIS 47744, *6 (D.V.I. 2009)) ("Although 'doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry a heavy burden and must meet a high standard of proof before a lawyer is disqualified.'").

[9] Citing *Fenster v. Dechabert*, Case No. SX-16-CV-343, 2017 V.I. LEXIS 149, at *5 (V.I. Super. Ct. Sept. 27, 2017) (quoting *Denero*, 2015 U.S. Dist. LEXIS 25864, at *7-8) ("'Vague and unsupported allegations are not sufficient to meet this standard.' "Motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary.").

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 6 of 14

Cite as 2024 VI Super 38U

*11 (citing *Richmond Hilton Associates v. City of Richmond*, 690 F.2d 1086, 1089 (4th Cir.1982) ("actual or likely" conflict of interest required).

¶11 Under Virgin Islands Rules of Professional Conduct 211.1.7(a), a concurrent conflict of interest exists if:

> the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

¶12 Nothing submitted in the record suggests to the court that the parent's and child's interests are directly adverse to one another under Rule 211.1.7(a)(1). From the outset, Plaintiffs jointly assert that Defendants' negligence has been the proximate cause of Davis's accident and injuries. Compl. ¶¶ 17-19. Further, the Plaintiffs continue to seek recovery for the medical expenses incurred and any income lost by the Plaintiffs in treating Davis due to the accident. Compl. ¶¶ 15-16. Finally, nothing in the record demonstrates that any crossclaims were ever asserted or currently exist between the Plaintiffs. As such, the court finds no direct adverse conflict between the Bynoe and Roosevelt's interests and Tariq's interests.

¶13 Having evaluated the first prong, the court next considers the possibility of conflict under 211.1.7(a)(2). An inherent conflict exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." V.I. S. CT. R. 211.1.7(A)(2). The court will consider each of Defendants' five arguments.

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070                                                                Cite as 2024 VI Super 38U
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 7 of 14

**1. No conflict was created and the Maynards committed no improper conduct when Roosevelt Davis settled with himself on behalf of Tariq.**

¶14     In October 2007, Roosevelt Davis, on behalf of Tariq, signed a release of all claims against Davis and Guardian Insurance Company to collect on an automobile insurance policy Davis held with Guardian Insurance.

¶15     AYSO and VI AYSO argue that Tariq Davis and Dianne Bynoe had the opportunity to assert a claim of negligence against Davis, who was at the UVI field when Tariq was struck, for allegedly not paying attention to his son just prior to the accident. And thus, Defendants argue that the Maynards acted improperly when they permitted Roosevelt Davis to settle with himself and his insurance carrier, which in effect waived any further claims that Tariq Davis could have asserted against his father.

¶16     Plaintiffs respond by pointing out that Davis's agreement to settle with his insurance carrier on behalf of himself and Tariq, was executed prior to Plaintiffs seeking out any counsel.[10] Davis also confirmed that he did not consult with Attorney Desmond Maynard until October 2008.[11] As such, disqualification on that basis in unwarranted as the Firm had yet to be hired as counsel on the instant case when Davis settled the claim with himself on behalf of Tariq.

---

[10] Pls.'s Opp'n, attached as Ex. A-1. *See also* Pls.'s Ex. 1. Affidavit of Roosevelt Davis, ¶ 7: "At the time, I did not consult an attorney before I signed the Release."

[11] Pls.'s Ex. 1, Affidavit of Roosevelt Davis, ¶ 9: "I first consulted Attorney Desmond Maynard on October 8, 2008. This was almost a year after I had signed the Release shown in Exhibit A-1."

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 8 of 14

Cite as 2024 VI Super 38U

## 2. Any Potential Claims of Negligence against Davis or Bynoe do not create a conflict of interest that justifies disqualification.

¶17    Defendants assert several times throughout the motion that Tariq could have asserted claims of negligence against his parents and the parents also had potential claims against each other. However, a claim under the theory of negligence in the Virgin Islands must be brought within two years. 5 V.I.C. § 31(5)(A). Even though a potential claim of negligence may possibly have been asserted at one point in time, it does not change the fact that the statute of limitations on those claims have run; the statute of limitations on any claim Bynoe may have filed against Davis, or conversely a claim filed by Davis against Bynoe, had run before the Defendants even filed the motion to disqualify, and even though the statute of limitations was tolled while Tariq was a minor, that too has since run. On that basis, the court finds no concurrent conflict of interest exists on that basis that claims of negligence could have been asserted against Roosevelt Davis or Dianne Bynoe.

## 3. Davis and Tariq's Potential Claims against Diane Bynoe do not create a conflict for the Maynards that require disqualification.

¶18    Defendants argue that Davis and Tariq could have potential claims against Bynoe because she let Tariq engage in soccer while he was prescribed and taking what Defendants describe as behavior-modifying drugs. Plaintiffs counter that none of the doctors who examined Tariq believed the medication prescribed to him caused him to chase the ball out onto the road, resulting in the

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 9 of 14

Cite as 2024 VI Super 38U

accident. Moreover, Plaintiffs argue that the prescribed medication was to help control a seizure disorder Tariq had since he was five years old.

¶19    Defendants make no mention of the specific claims they believe Davis or Tariq could have asserted against Bynoe due to her alleged failure to disclose that Tariq was taking "two behavior modifying prescription drugs which had serious side-effects. . . ."[12]  In addition, Defendants provided only the potential side effects of Tariq's medication[13] as evidence to support the inference that the seizure medication allegedly caused Tariq to chase a ball out into the road during a warmup soccer practice. Defendants have not offered any evidence that a medical expert has opined that Tariq's medications caused him to run out into the road.  And as the court noted above, the party seeking disqualification must meet a "high standard of proof prior to a lawyer's disqualification." *Elgadi*, 2021 VI SUPER 80U, 24, 2021 V.I. LEXIS 69, \*14. Without further elaboration on the specific claim Tariq and Davis could have asserted against Bynoe, the court cannot reasonably side with Defendants as this argument is "based on imagined scenarios of conflict." *Denero*, 2015 U.S. Dist. LEXIS 110783, \*11. Thus, the court finds that the Defendants have not met their burden in demonstrating a concurrent conflict exists based upon the purported claims that defendants believe Davis and Tariq have or had against Bynoe. In addition, the statute of limitations on the

---

[12] Defs.'s Motion to Disqualify, page 8, 10.

[13] *Id.* at 8: ". . . Tariq was under the effects of two behavior modifying prescription drugs which had serious side-effects, including: abnormal behavior, aggressive behavior, inability to control impulses, loss of coordination, unsteadiness, and suicidal ideations . . . ." (alternation in the original). *See also* Defs.'s Ex. 9, Medical Records; Defs.'s Ex. 10 and 11, side effects of Keppra and Tegretol.

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 10 of 14

Cite as 2024 VI Super 38U

claims that Defendants believe Davis and Tariq could have asserted have expired and were likely expired before Defendants even filed this motion for disqualification.[14]

### 4. The Maynards' failure to get court approval for the settlement with Lavar Browne is not sufficient to justify disqualification.

¶20    Defendants assert that Plaintiffs' counsel "allowed the plaintiffs to settle with defendant LaVar Browne without disclosing to the Court the settlement or terms or how the settlement would be distributed between each of the plaintiffs and plaintiffs' counsel . . . ."[15] Moreover, Defendants allege that the execution of the settlement agreement with Lavar Browne was done without consulting advice of independent counsel or a guardian ad litem to preserve Davis's interests.

¶21    The record reflects that, on September 28, 2012, the parties appeared at a status conference and notified the court that Plaintiffs had reached a settlement with Defendant Lavar Browne.[16] Nearly one year later, the court entered an order dismissing Plaintiffs' claims against Browne pursuant to a stipulation for dismissal filed by Plaintiffs and Browne.[17]

¶22    Plaintiff assert, however, that prior to dismissal of their claims against Lavar Browne, they filed a petition in the Family Court for the appointment of a guardian for Tariq so the guardian could take possession of Tariq's portion of the settlement proceeds.[18] Paragraph 5 of the petition

---

[14] The statute of limitations on the claims Defendants believe Tariq could have filed against Bynoe were tolled until he reached the age of majority and then would have expired on or about June 30, 2017.

[15] Defs.'s Motion to Disqualify, pg. 7, 10.

[16] Record of Proceeding, Sept. 28, 2012: "The Court then asked Attorney Desmond Maynard about settlement reached with Mr. Browne. Attorney Maynard stated yes settlement was reached with Mr. Browne only."

[17] The court entered the Order of Dismissal on September 23, 2013.

[18] Pls.'s Ex. F.

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070                                        Cite as 2024 VI Super 38U
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 11 of 14

to appoint a guardian states that "Said action against Lavar Browne was settled for the sum of ten thousand dollars ($10,000.00), which is the limit of the insurance policy which provided coverage to Browne for the aforementioned accident."[19] The petition also states "After deduction of attorney's fees, in the amount of five hundred dollars ($500.00), and costs in the amount of seventy-five (sic) ($75.00), the minor's net share of the aforementioned settlement proceeds is nine thousand four hundred and twenty-five dollars ($9,425.00)."[20]

¶23    On November 20, 2012, the family court granted the petition and appointed of Karen Ault, as the guardian for the minor.[21] And Plaintiffs' claims against Lavar Browne were later dismissed. However, at the time of the settlement in 2012, Title 15, § 801 of the Virgin Islands Code provided that: This district court has jurisdiction to—

(1) grant and revoke letters of guardianship;

(2) direct and control the conduct, and settle the accounts, of guardians;

(3) take the care and custody of the persons and estates of lunatics, and appoint and remove guardians therefor;

(4) direct and control the conduct of guardians referred to in clause (3) of this section, and settle their accounts; and

(5) order the renting, sale, or other disposal of the real and personal property of minors.[22]

---

[19] *Id.*

[20] *Id.*

[21] Pls.'s Ex. G: "Petitioners state that the appointment of a guardian is necessary as the minor is in need of a personal representative to care and manage any proceeds which may be received from a settlement agreement as result of an automobile accident that occurred on or about February 17, 2007."

[22] *See also Rojas v. Two/Morrow Ideas Enters., Inc.*, 53 V.I. 684, 691-94 (V.I. 2010). Although 15 V.I.C. § 801 *et seq.* was subsequently repealed on January 1, 2017, it was in effect from the time this action arose in 2007 until 2016. Above all, this means that the 15 V.I.C § 801 *et seq.* was in effect during the settlement and dismissal of Defendant Lavar Browne in 2012 and 2013. Consequently, the law required that the parties obtained approval from the judge presiding over the case, Judge Adam Christian, not the family court judge.

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 12 of 14

Cite as 2024 VI Super 38U

¶24     Moreover, when "a litigant requests that a court approve or manage a settlement, the court's jurisdiction encompasses the entire settlement and is not exhausted until all funds in the court's registry have been fully distributed." *Rojas v. Two/Morrow Ideas Enters., Inc.*, 53 V.I. 684, 693 (V.I. 2010).[23] Consequently, it is clear Plaintiffs did not obtain proper approval from the court to settle with Defendant Lavar Browne and to otherwise split the settlement funds in the fashion they did.[24]

¶25     Although the court recognizes that Plaintiffs had a duty to get approval of the settlement from the judge presiding over the case, and failed to do so, the failure of the Maynards is still not sufficiently egregious to warrant disqualification of counsel.[25] Based on the preceding analysis, AYSO Defendants have not demonstrated a concurrent conflict exists under Rule 211.1.7(a), and the court need not address whether a valid waiver exists.

---

[23] (citing *Cappel v. Adams*, 434 F.2d 1278, 1280-81 (5th Cir. 1970) (holding when attorney invokes court's equitable jurisdiction to approve settlement, jurisdiction encompasses all claims against funds in registry of court); *Garrett v. McRee*, 201 F.2d 250, 253 (10th Cir. 1953) ("But the jurisdiction of the court is not exhausted so long as the funds are in the registry of the court … and where an attorney recovers a fund in a suit under a contract with a client providing that he shall be compensated only out of the fund he creates, the court … has power to fix the attorney's compensation and [*694] direct its payment out of the fund."). *See also Elder v. Metropolitan Freight Carriers, Inc.*, 543 F.2d 513, 518 (3d Cir. 1976) ("Here, where the court had been asked for an order of distribution, it had the power to direct that the defense lawyers distribute to plaintiff's counsel only the fee permitted by the local rule.") [**16] (citing *Garrett*, 201 F.2d at 253).

[24] However, the court finds no inequity in the actual distribution since Tariq received more than 90% of the settlement proceeds: $9,425 out of a settlement of $10,000.

[25] The court also cannot overlook the fact that the settlement was effected sometime in 2012, and the order of dismissal was signed on September 23, 2013. Defendants knew or had reason to know the terms of the distribution of the settlement funds were not properly presented to the trial court. Nevertheless, Defendants waited more than three years—until January 12, 2017—to raise this issue.

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070                                    Cite as 2024 VI Super 38U
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 13 of 14

### 5.    Defendants have not presented sufficient proof that Davis and/or Bynoe executed a release to hold Defendants harmless.

¶26    AYSO and VI AYSO contend that Bynoe executed a Volunteer Application Form that contained a release and waiver of liability, and as a result, Davis and Bynoe have a duty to hold AYSO and VI AYSO harmless and indemnify them for the costs and attorney's fees incurred in defending this suit.  Defendants further contend that since Bynoe executed a waiver of liability, the Firm has a conflict of interest.

¶27    Plaintiffs reject that argument. Plaintiffs deny that Bynoe executed such a waiver and that the Defendants have never produced such a waiver. In addition, Plaintiffs also denied that the player registration form signed by Bynoe included a waiver for "any injury" Tariq might sustain and that, in any case, Bynoe did not execute a player registration form for the 2006-2007 season. Plaintiffs point to the court's denial of Defendants' motion for summary judgment on that point.[26]

¶28    The court finds that there exists no conflict of interest on this issue since Defendants have not produced any form that clearly shows that either Davis or Bynoe signed a form holding the Defendants harmless for injuries sustained by Tariq.

---

[26] On May 18, 2016, the court denied the Defendants motion for partial summary judgment against Plaintiff Dianne Bynoe. The court stated: "Notably, no registration form executed by Plaintiff Bynoe for 2007, the year Tariq was injured, has been presented to the Court. In the absence of an indisputably applicable agreement, the Court cannot review the pertinent exculpatory language to determine if it is clear, unambiguous, and unequivocal. As the movants, the AYSO Defendants bear the initial burden of pointing to language in an applicable agreement which meets this standard, and they have failed to do so. Thus, they failed to satisfy their primary obligation of showing an absence of a genuine issue of material fact."  The court notes that the Defendants have filed a motion for reconsideration, which is pending.

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: conflict of interest)
Page 14 of 14

Cite as 2024 VI Super 38U

## CONCLUSION

¶29    The court finds that Defendants have not demonstrated a conflict of interest under Virgin Islands Supreme Court Rule 211.1.7(a). Defendants did not meet their burden to persuade the court that the claims they believe Tariq and Davis could have asserted against Bynoe presents an inherent conflict between the plaintiffs such that the Firm should be disqualified. In addition, while the Plaintiffs did not specifically obtain the permission of the trial court to enter into the settlement agreement as it pertained to Tariq and to split the settlement funds as they did, the trial court did approve the stipulation of dismissal and dismissed the claims against Lavar Browne. The failure to get permission from the trial court for the distribution of the funds is not sufficiently egregious to warrant disqualification.

For the reasons stated above, and in accordance with Virgin Islands Supreme Court Rule 211.1.7 (a), the court will deny the Defendants' motion to disqualify the Firm.

An order will immediately follow.

DATED: October 4, 2024

ATTEST:
TAMARA CHARLES
Clerk of the Court

BY:
LATOYA CAMACHO
Court Clerk Supervisor 10 / 7 / 2024

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands